BEAZLEY, ordinary, for use, *vs.* KENDRICK, administrator.

One B., being a prisoner, instructed his step-son to collect a sum of money due him and invest it for his family. The step-son collected the money, purchased a piece of land, took a bond for titles in his own name, and gave the vendor a mortgage on the land for the balance of the purchase money, holding the bond for titles for B's family. Upon his release from prison, B. ratified what had been done. He subsequently died. His widow paid the balance of the purchase money and took a deed to herself. B. having died on the place, his administrator put down the land in the inventory of the estate, but on finding no sort of writing giving title to B., under the above stated facts, he did not administer it:

*Held,* that this was not a breach of his bond as administrator, and did not give the children of B. a right to recover on such bond.

(*a*) This was not the creation of an express trust by parol, but the instructions of a principal to an agent; and if a trust was created, it was executed.   The administrator could not have recovered for the widow, and a failure to proceed against her was not a breach of his bond.

(*b*) If the children of B. have any right of action, it is not against his administrator, but against the widow or person in possession of and claiming title to the land.

November 23, 1886.

Administrators and Executors.   Bonds.   Trusts and Trustees.   Actions.   Before Judge LUMPKIN.   Taliaferro Superior Court.   February Term, 1886.

Reported in the decision.

W. D. TUTT; W. M. & M. P. REESE, for plaintiff in error.

F. H. COLLEY; THOS. E. WATSON, for defendant.

JACKSON, Chief Justice.

This suit is brought by the ordinary, for the use of two of the children of John M. Brown, against Kendrick, administrator, and his surety on the administration bond.   The question is, whether a certain tract of land belonged at his death to the intestate or to his wife.   If to the estate, he has made breach of the bond; if not, he has not, and there can be no recovery.   The sum of the facts is, briefly, that Brown gave some money to be invested for his wife and children.   He was in prison, and instructed Garrett, his step-son, to collect from one West about a thousand dollars that he owed him, and to invest it for his family.   Garrett collected the money and bought the land in controversy, taking bond for titles in his own name, giving the vendor a mortgage on the land for $500.00, balance of purchase price; holding the bond for titles for Brown's family.   Brown, on his release from prison, rati-

fied what Garrett had done. At Brown's death, Mrs. Brown paid the $500.00 mortgage to the vendor and took his deed. Brown died on the place, and Kendrick put the land in the inventory, but on finding no sort of writing giving title to Brown, he did not administer it, in the light of the foregoing facts.

Was his bond broken? The jury found that it was not; the court approved the finding by refusing a new trial, and error is assigned on various grounds, but the real issue is as stated above. We do not think that, upon these facts, the administrator would be bound to risk a lawsuit touching this property. When he investigated and ascertained all about it, and could find no title at all in his intestate, except the possession of the land, which was also that of his wife and family; and when he ascertained, moreover, that his intestate, through his agent, Garrett, had made the investment for the wife and children, and had done so by the agent, in consequence of his inability, being a prisoner, and when he was free had ratified, by parol, the course that the agent pursued throughout; and moreover, that the mortgage had been paid up by Mrs. Brown, and that the title was put in her by the vendor to Garrett, Brown's agent, we do not see how an administrator could well do otherwise than acquiesce in the matter and leave it to the heirs at law, if they saw fit to contest so strong an apparent title as Mrs. Brown held.

Counsel for plaintiff in error insisted that it would be to create an express trust by parol evidence to set up the action of this agent in the collection and investment of this money by direction of Brown. It appears to us to be no more an express trust than any action of the agent by instructions of the principal would be. Every direction to collect and invest involves trust in one sense of the word, but an express trust is created and manifested by agreement of the parties, and this agreement must be in writing. Code, §§2309, 2310. This is hardly an agreement of parties, but rather merely an instruction to an

agent to collect and invest for the benefit of his family. But if it be an express trust, the principal and agent being the parties to the agreement, it was executed when the investment was made by the agent and he took the bond for titles in his name for the benefit of the family, and when executed, though created by parol, it is irrevocable. Perry on Trusts, vol. 1, §77; *Gordon vs. Green and wife,* 10 *Ga.* 534. So far from revoking what was done, Brown ratified the transaction, leaving the bond for titles in Garrett's name at his death. How could his administrator revoke it by any act of his? So that when Brown died, leaving the title in this condition, that is, in the name of Garrett, the implied trust, which was raised in behalf of his wife or family, remained for their benefit; and when Mrs. Brown paid up the mortgage, turned over the bond for titles to the vendor and took his deed to herself, the entire transaction then became a complete bar to Brown's administrator, and he could not recover or hold the land in the capacity of administrator of Brown's estate, and cannot be made liable for a breach of his bond. Code, §§2316, 3194. Even should there be doubt about the absolute execution of the trust, yet there can hardly be such a breach of the bond in this case, such carelessness or negligence, as would make the administrator responsible on the bond, as indicated before.

If Mrs. Brown took the entire title to herself, the remedy is against her by the other subjects of Brown's bounty and instructions to Garrett, for she will hold that legal title in trust for them as well as herself. If the heirs general of Brown, or any of them, wish to test the question further, and insist on their right to the land from the facts here, or additional facts that they may ascertain, let them sue Mrs. Brown, or whomsoever is in possession and claiming title at law or in equity for it, and if they shall show title in their ancestor, they may recover, unless the conduct of that ancestor and these views of the law of this case shall have the effect to deter them from such an effort. On this

bond against the administrator and sureties, there can be no recovery, is the practical result of the case now.

Judgment affirmed.