Bright *et al. vs.* Adams *et al.*

mately connected with all the negotiations that were made for a settlement at the time referred to in the evidence. Plaintiff rendered no service to defendant that he saw. Mr. Lyon did all the work. The litigation involved about $28,000 00.

The jury found for the plaintiff $20 00. He moved for a new trial, because the verdict was contrary to the evidence. The motion was sustained, and defendant excepted.

WRIGHT & WARREN, for plaintiff in error.

LYON & IRVIN, for defendant.

---

HARVEY BRIGHT *et al.*, plaintiffs in error, *vs.* CALEB C. ADAMS *et al.*, defendants in error.

An instrument which has all the formalities of a deed, except the following words in the concluding part of it: "This deed is not to go into effect until after the death of said B. Bright, (the grantor,) he being very ill," under the 2395th section of the Code, is a testamentary paper.

Deed or will. Before Judge KIDDOO. Randolph Superior Court. November Adjourned Term, 1873.

For the facts of this case, see the decision.

WORRILL & CHASTAIN; RICHARD H. CLARK, for plaintiffs in error.

JOHN T. CLARKE, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants praying for an injunction, which was granted by the presiding judge, and the defendants excepted. The main question made before this court on the argument was whether the instrument set forth in the record, executed by Benjamin Bright to Harvey Bright on the 1st day of June, 1871, purporting to convey a certain described tract of land, is a deed, in contemplation of the law, or a testamentary paper. The instrument has all the formalities of a deed, attested by two witnesses, except the following words in the concluding part of it: "This deed is not to go into effect until after the death of said B. Bright, he being very ill." In our judgment, according to the rule declared by the 2395th section of the Code, this is a testamentary paper. It is very clear from the words contained in the instrument as above quoted, that it was not the intention of the parties (whatever may have been the form of it,) that it should take effect until after the death of Benjamin Bright, the maker of the instrument; and if it was not to take effect and pass an interest in the land to Harvey Bright until after the death of Benjamin Bright, then the instrument cannot operate as a deed, but must necessarily be considered a testamentary paper. Although it is called a deed, it is expressly declared on its face that it was not to take effect until after the death of the maker of the instrument for any of the purposes therein expressed, and there is no evidence in the record of its delivery during his life. We find nothing in the record which will authorize this court to control the discretion of the court below in granting the injunction.

Let the judgment of the court below be affirmed.