## NATIONAL BANK OF AUGUSTA *et al. v.* AUGUSTA COTTON & COMPRESS CO. *et al.*

*Simmons, C. J.*—1. There is nothing in the record of the present case which brings into consideration the question whether or not section 1593 of the code was repealed or in any respect modified by the act of October 3, 1887, amending section 2138.

2. An equitable petition for an interpleader does not lie unless it appears from the allegations thereof that the conflicting claims of the defendants are of such character as to render it doubtful or dangerous for the plaintiff to act, and in order to do this it is necessary that such claims be set forth so as to inform the court of their nature, character and foundation, at least to the extent of enabling it to determine whether or not an interpleader is essential to the plaintiff's protection. Code, §3235; 11 Am. & Eng. Enc. of Law, 502; Story, Eq. Pl., 10 ed. §292; Mitford & Tyler, Eq. Pl. and Prac. 235, 236.

3. The petition in the present case did not come up to the requirements above stated, and accordingly the court erred in overruling the defendants' demurrers to the same.

August 3, 1896.                                *Judgment reversed.*

Petition for injunction, etc.    Before Judge Callaway. Richmond superior court.    April term, 1896.

The Augusta Cotton & Compress Co. by its petition against Alexander & Alexander, Nixon & Danforth, Hull & Tobin, the South Carolina & Georgia Railroad Co., the National Bank of Augusta, J. & W. Seligman & Co. and Edward H. Butt & Co., alleged: The plaintiff is a corporation duly chartered under the law of Georgia, with its principal office in Augusta. On or before November 4, 1895, Edward H. Butt, doing business as Edward H. Butt & Co., delivered to it in the usual order of business 54 bales of cotton having certain marks and weights, and it issued its usual receipts for so many bales of cotton in good order, "to be compressed and delivered to this receipt only. Fire and other unavoidable accidents excepted." And said 54 bales were in plaintiff's possession on November 4, 1895, and still are. On or before that date plaintiff's compress receipts for 14 of said 54 bales were by said Butt delivered to the South Carolina & Georgia R. R. Co., which issued its bill of lading in the usual course of business for the same, which bill of lading in the usual course of business came into the possession of J. & W. Seligman & Co., who had advanced money thereon to said Butt. The same is true as to plaintiff's compress receipt for 40 of said 54 bales. On or about November 4, 1895, Butt failed in business, and on that date Alexander & Alexander filed suit in trover against petitioner to the February term, 1896, of the city court of said county, claiming title to 10 of said 54 bales delivered to plaintiff by said Butt. On the same day Nixon & Danforth filed a similar suit to the same term of the same court against plaintiff, claiming title to 29 of said 54 bales. On the same day Hull & Tobin filed a similar suit to the same term against plaintiff, claiming title to 19 of the 54 bales. November 9, 1895, said railroad company filed a similar suit to the same term against plaintiff, claiming title to 40 of said 54 bales. Plaintiff has been notified that the National Bank of Augusta claims title through the compress receipts to 14 of said 54 bales, and said bank is

now about to file suit against plaintiff for the same. Plaintiff has been notified or informed that Seligman & Co. claim title through the bills of lading aforesaid to 40 of said bales. It thus appears that plaintiff has already been sued by four claimants to the cotton in whole or in part, is about to be sued by two or more claimants, and that said claims are of such character as to render it doubtful or dangerous for plaintiff to act. There is no collusion between plaintiff and any one or more of said defendants regarding the filing of this petition. Plaintiff prays, that all of said claimants may be required to interplead and settle among themselves the disputed question of title, plaintiff standing ready to deliver the cotton to the proper parties upon the payment of its usual and reasonable charges thereon; and that injunction may issue against all of the defendants except Butt, restraining each of them from proceeding further to set up their said claims to the cotton, otherwise than by interpleading under this petition. There is expense and danger from fire, and trouble attending the keeping of said cotton, and it would be to the manifest interest of all parties that the cotton should be sold and plaintiff relieved of all further responsibility for its safe-keeping. Wherefore plaintiff prays for the appointment of a receiver to take charge of and sell the cotton under the direction of the court; and for process. Upon this petition a temporary receiver was appointed and temporary restraining order granted.

In addition to general demurrers by the defendants, the bank demurred because the petition was in violation of section 5242 of the revised statutes of the United States; and because there was not annexed as an exhibit to the petition a copy of the petition and order of incorporation showing petitioner's authority and its right to the control of the property in controversy. The bank pleaded that by section 5242 of the revised statutes of the United States, it was enacted that no attachment, injunction, or execution

should be issued against a national banking association or its property before final judgment in any suit, action or proceeding in any State, county or municipal court, and hence this court is without jurisdiction in the premises over this defendant and can grant no relief as prayed for in the nature of an injunction or temporary restraining order. The demurrers were overruled, and defendants excepted.

*F. H. Miller* and *J. B. Cumming*, for plaintiffs in error. *Fleming & Alexander* and *J. R. Lamar*, contra.