## ASSIGNMENT OF LIFE INSURANCE UNDER THE LAW OF MICHIGAN.

Common Pleas Court of Richland County.

MYRA M. SWETT V. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY. *

Decided, April Term, 1908.

*Life Insurance—Action by Beneficiary on Policy Assigned in Michigan —Claim that the Law of Michigan Makes such an Assignment Void—Answer and Supplemental Answer not Inconsistent—Interpleader—Parties—Cause Pending in Courts of Two States—Plaintiff Required to Return to Michigan to Litigate her Claim.*

1. Where a life insurance company is sued in Ohio by the beneficiary of a policy issued in Michigan and assigned in Michigan by both the insured and the beneficiary to parties still resident in Michigan, an answer by the company denying the right of the beneficiary to recovery by reason of the assignment is not inconsistent with a supplemental answer alleging the subsequent filing in the Federal court in Michigan by the assignees of an action on the same policy, and further alleging the necessity of making the assignees parties to the Ohio action; nor is such a supplemental answer, without a tender of the proceeds of the policy into court, in the nature of an interpleader, but the two answers must be read together, and the company can not be required to elect upon which it will rely.

2. In such a case a motion by the insurance company to make the assignees parties to the action will be overruled, for the reason that there can be no injustice in requiring the beneficiary to return to Michigan and litigate in a court of that state her claims against residents of that state with whom she dealt while herself domiciled there; and the motion of the company to dismiss the action in default of an order making the assignees parties will be granted.

*B. F. Long* and *Brucker & Cummings,* for plaintiff.
*Sayler & Sayler* and *Cummings, McBride & Wolfe,* contra.

WICKHAM, J.

This action is brought by Myra M. Swett against the Mutual Benefit Life Insurance Company. The plaintiff alleges in her petition the corporate capacity of defendant, and says that on

---

* Affirmed by the Circuit Court without report.

the 4th day of September, 1900, she and her husband, Edward
R. Swett, were citizens and residents of Lake Harbor, in the
State of Michigan; that thereafter, on the 24th day of October,
1906, said Edward R. Swett died, and that after the death of
her husband, the plaintiff became and now is a citizen and resi-
dent of Ashland, in the state of Ohio.

That on the 4th day of September, 1900, the defendant duly
executed and delivered a policy of life insurance, whereby it in-
sured the life of the said Edward R. Swett in the amount of
$15,000; that by the terms of the said policy, the amount there-
of in case of the death of the said Edward R. Swett was payable
to the plaintiff, Myra M. Swett, in case she survived the insured.

That said policy of insurance is not in the possession or under
the control of the plaintiff, and is, as she is informed and believes,
in the possession of the defendant, for which reason she is un-
able to attach a copy of said policy as an exhibit to her petition.

That after the death of the said Edward R. Swett, which oc-
curred on the 24th day of October, 1906, due and satisfactory
proof of the interest of the plaintiff under said policy, and of
the death of the insured, was made to the defendant; that all of
the requirements and conditions of said policy to be performed
on behalf of the insured or this plaintiff have been duly per-
formed and complied with; that the defendant has failed and
refused to pay the said sum of $15,000, or any part thereof, to
the plaintiff, and she prays judgment for that amount, with in-
terest, and costs of suit.

To this petition the defendant filed its answer, and admits
its corporate capacity as alleged by the plaintiff, and says that
it is incorporated under the laws of the state of New Jersey, with
its principal or home office in the city of Newark, in said state,
and was at the time mentioned in the petition, and now is, en-
gaged in the business of life insurance in the state of Michigan
and in the state of Ohio.

It admits that on the 4th day of September, 1900, it executed
and delivered to the said Edward R. Swett a policy of insurance,
whereby it insured the life of the said Edward R. Swett, of the
city of Muskegon, in the county of Muskegon, state of Michigan,
in the amount of $15,000, for a term of life, payable at its office

in the city of Newark, New Jersey, to Myra M. Swett, his wife, if living; otherwise to the executors, administrators or assigns of the said insured, upon due and satisfactory proof of interest, and of the death of the said insured, deducting therefrom all indebtedness to the company on said policy, together with the balance, if any, of the then current year's premium.

It further alleges that on the 18th day of September, 1900, the plaintiff and her husband, who was then living, made an assignment of said policy in writing, as follows:

"For value received we do hereby assign, transfer and set over unto the Hackley National Bank, of Muskegon, Michigan, the above policy of insurance, and all sum or sums of money, interest, benefit or advantage whatsoever now due or hereafter to arise or to be had or made by virtue thereof; to have and to hold unto the said Hackley National Bank, to secure an indebtedness of $15,000; the said assignee hereby agreeing that any indebtedness to the company on the said policy shall be a valid and prior lien thereon.

"Edward R. Swett,<br>"Myra M. Swett."

That said assignment was made by the plaintiff and her husband to secure an indebtedness of $15,000, as in said assignment set out; that of the said indebtedness of $15,000 to the Hackley National Bank, the payment of which was secured by the assignment of said policy, $5,000 was evidenced by a promissory note, executed by said Edward R. Swett, and endorsed by Charles H. Hackley; that the said Charles H. Hackley died testate, and that the Michigan Trust Company and Thomas Hume were appointed executors of the last will of the said Charles H. Hackley, in the probate court of the county of Muskegon, Michigan; that thereupon, at or after the maturity of the said note so indorsed by the said Charles H. Hackley, the said executors of his last will, by reason of his indorsement of said note, paid the amount thereof to the said Hackley National Bank; and thereupon, on May 16, 1907, in consideration of that payment, the said Hackley National Bank assigned and transferred to the said executors an undivided one-third interest in and to said policy of insurance, and all sum or sums of money due thereon; that no money has been paid to said executors, and that they still hold the note

so paid by them, and the assignment of said undivided one-third interest in the policy is a subsisting and valid claim.

The answer admits the death of Edward R. Swett on the 24th day of October, 1906, and alleges that on or about the 19th day of November, 1906, the executors of Charles H. Hackley and the Hackley National Bank made proof of the death, and their interest in the policy, as said assigns to the amount of the entire proceeds thereof; that the amount due on the policy, taking into account all credits and debits from this defendant, was $14,-160.46; that the policy of insurance is held in the state of Michigan by the said, the Hackley National Bank, under said assignment; and admits that the plaintiff is now, and since the death of the said Edward R. Swett has been, a resident and citizen of Ashland, in the state of Ohio.

To this answer the plaintiff replies, and for her first reply admits that Charles H. Hackley died testate, and that executors were appointed as alleged in the answer, and that proof of death of said Edward R. Swett was made to the defendant, and denies each and every other allegation in the answer contained.

For a second reply the plaintiff says that she signed the alleged assignment of said policy of insurance in the county of Muskegon, in the state of Michigan; that at the time she signed the purported assignment she was the wife of the said Edward R. Swett, and sets forth in this reply the sections of the statutes of the state of Michigan, and avers that, under these sections and the adjudications of the courts of that state, said assignment was without validity and it is absolutely void and of no effect.

For a third reply she says that the assignment of said insurance policy so made by her was without any consideration, and was void for that reason.

And for a fourth reply she says that prior to the date of said purported assignment of said insurance policy by the plaintiff, there had been executed by her husband, Edward R. Swett, to the said Hackley National Bank, a promissory note in the amount of $10,000, which note was the only indebtedness attempted to be secured by said purported assignment; and also a certain promissory note of the amount of $6,000, which last named note had been indorsed by the said Charles H. Hackley; that both notes

were executed prior to the date of said assignment of said insurance policy, and neither of them by their terms became due until after the execution of said purported assignment; and neither of said notes were executed in consideration of said Myra M. Swett thereafter executing said purported assignment of said policy of insurance; that no note or notes, or any other evidences of indebtedness, were executed by said Myra M. Swett or Edward R. Swett, or either of them, to the said Hackley National Bank, co-incident to or contemporaneous with, or in consideration of, the execution of said purported assignment; that when said two certain promissory notes for $10,000 and $6,000, respectively, became due, they were paid by the said Edward R. Swett to the said Hackley National Bank, and canceled, and new notes given in lieu thereof by the said Edward R. Swett, without the knowledge or consent of the plaintiff, and that thereafter the time of payment of the original indebtedness was extended, without the knowledge or consent of the plaintiff; that afterwards said new notes were canceled by the said Hackley National Bank, and renewed from time to time as they fell due, by said Edward R. Swett, without knowledge or consent of the plaintiff; that by virtue of said renewals as aforesaid said assignment became and is illegal, void, and of no effect as to the plaintiff herein.

At this stage of the case the defendant asked and obtained leave of the court to file a supplemental answer, and for such supplemental answer says that since the filing of its original answer herein the said the Michigan Trust Company, a corporation under the laws of the state of Michigan, and Thomas Hume, as executors of the last will and testament of said Charles H. Hackley, deceased, and the said Hackley National Bank, all of whom are citizens of the state of Michigan, as plaintiffs, brought an action in the Circuit Court of the United States, for the Eastern District of Michigan, Southern Division, against this defendant, on the policy of insurance on the life of Edward R. Swett, issued by the defendant on the 4th day of September, 1900; that in the first count of the declaration filed by the plaintiff in that case they set up the issuing of the policy of insurance by the defendant on the life of Edward R. Swett, in the sum of

$15,000, payable at its office in the city of Newark, New Jersey, to Myra M. Swett, his wife, plaintiff herein, if living, upon proof of interest and death of the said Edward R. Swett, deducting all indebtedness to said company on said policy, together with the balance, if any, of the then current year's premium; an indebtedness for $15,000 from the said Edward R. Swett to the said Hackley National Bank, evidenced by promissory notes of said Edward R. Swett to said bank, of which notes to the amount of $10,000 were without security, and notes to the amount of $5,000 were indorsed by the said Charles H. Hackley; an assignment in writing of the policy of insurance by said Edward R. Swett and Myra M. Swett, of date the 18th day of September, 1900, to the Hackley National Bank, to secure said indebtedness; notice of said assignment to said insurance company; the continued existence of said indebtedness at the time of the death of said Charles H. Hackley, and at the time of the death of said Edward R. Swett; the death of the said Charles H. Hackley testate, and the appointment of the executors of his last will; the presentment of the claims on the notes indorsed by Charles H. Hackley against his estate, and the request and payment of the same by his executors, the death of Edward R. Swett, payment of premiums, and performance of conditions on his part, and proof of death to said insurance company; an indebtedness of Edward R. Swett at the time of his death in the sum of $10,000, and interest, to the Hackley National Bank, and the sum of $5,000 and upwards to the executors of the will of Charles H. Hackley as the indebtedness which the Hackley National Bank held against the said Edward R. Swett at the time of the execution of the assignment of said policy of insurance, and as the same indebtedness mentioned in said assignment; an assignment of an undivided one-third interest in said policy of insurance, executed by said Hackley National Bank to said executors of date the 16th day of May, 1907; and notice of said assignment to said insurance company.

In the second count of the declaration of the plaintiff filed in that action they set up a writing of date September 25, 1900, signed by Edward R. Swett, addressed to George A. Abbott, cashier of said Hackley National Bank, directing the said cashier

in case of his death to apply the proceeds of said policy, first, to pay the note of said Swett to said bank for $10,000, and interest; and, second, to protect said Charles H. Hackley on his indorsement of said paper as he might direct; the notice to said Hackley National Bank and to the executors of said last will of said Charles H. Hackley, with the indebtedness secured by the said assignment of said policy and the written directions to said cashier; the direction by said executors to said cashier to apply the proceeds of said policy, in excess of the sum needed to pay the note of said Swett to said Hackley National Bank for $10,-000 and interest, in payment of the notes of said Swett which had been endorsed by said Charles H. Hackley and paid by said executors; and notice of said direction to said insurance company.

And the said plaintiffs in said case by said declaration set up a liability of the Mutual Benefit Life Insurance Company, defendant herein, to pay to them the sum of $15,000 for which it insured the life of the said Edward R. Swett under said policy of insurance, together with interest thereon from the time of his death aforesaid, and the consequent promise to pay the same to them on request; the disregard of its said promise and its failure to pay the same, or any part thereof, to their damage of $20,000, for which they ask judgment, etc.

The supplemental answer of the defendant herein further avers that process was duly issued out of said court in Michigan and served upon the defendant herein, and that thereby jurisdiction was acquired over this defendant in said court; that said action is still pending; that the said plaintiffs therein by said action seek to recover from this defendant by process of law in said court the amount due on said policy of insurance so issued by it on the life of Edward R. Swett.

And this defendant says in its supplemental answer that it disclaims any interest in any controversy respecting the validity of the said assignment of said policy of insurance, except in so far as this defendant may be protected in the payment of the money due on said policy, to-wit, the sum of $14,160.46, to the proper person or persons.

And it further alleges that the Michigan Trust Company and Thomas Hume, as executors of the last will of Charles H. Hackley, deceased, and the Hackley National Bank, are parties necessary with the plaintiff in this case in order that the controversy herein may be determined; that the determination of this suit can not be had without their presence, and it prays as in its original answer.

To this supplemental answer the plaintiff filed a motion, and thereby moved the court to compel the defendant to elect whether it will rely upon its original answer in this case, or its supplemental answer, claiming that the defenses in those two pleadings respectively are inconsistent, and the cause was submitted to the court on that motion.

When the case was argued it was understood by the court that it was to be submitted upon the question whether the plaintiff on the facts set forth and contained in the pleadings was entitled to recover in this case, without the Michigan parties being made parties defendant herein. The character of the oral argument by counsel for both plaintiff and defendant was such that our understanding was that that was the question submitted, but upon taking up the case for examination and consideration, I find that counsel for the plaintiff have a different understanding, and they say that if the plaintiff's right to recover is to be considered by the court they desire a full hearing upon that proposition, and that the cause is submitted on the motion filed by the plaintiff and that alone, and that the proposition of the plaintiff's right to recover can not be considered upon the motion.

In view of this understanding by counsel for the plaintiff, our consideration of the case has gone no further than the motion to require the defendant to elect between alleged inconsistent defenses.

Do the facts set up in the supplemental answer state a defense inconsistent with the original answer, is the question to be determined. Counsel for the plaintiff argue in their brief and orally that the supplemental answer is an interpleader, and say that in view of the denials in the original answer the defendant

can not be permitted to file an interpleader in the case, and to sustain that claim they cite us an authority, the case of *Johnson v. Oliver,* 51 O. S., 6. It is also argued by counsel for plaintiff that the action can not be changed from one at law for the recovery of money on an insurance policy to an equitable action.

Our opinion is that the case of *Johnson* v. *Oliver* is not in point, for the reason that the supplemental answer is not an interpleader. It does not contain all the essential elements of an interpleader. If we are right in that conclusion, it disposes of the question whether the action may be changed from one at law to a suit in equity.

An answer in the nature of an interpleader must contain all of the essential averments of a bill of interpleader. It must show:

1. That there are proper persons in being capable of interpleading and setting up opposite claims. *Metcalf* v. *Hervey,* 1 Ves., 248.

2. It must contain such averments in respect to the position of the plaintiff (the defendant in this case), as to show that he is entitled to maintain the interpleader. *Stone* v. *Reed,* 152 Mass., 179.

3. It should state distinctly the nature and character of the conflicting claims. *Connelly* v. *Ala. Gold L. Ins. Co.,* 67 Ala.. 472; *Snodgrass* v. *Butler,* 54 Miss., 45; *McEwen* v. *Troost,* 1 Sneede, 186; *National Bank* v. *Augusta, etc. Co.,* 99 Ga., 286; *Warnock* v. *Harlow,* 96 Cal., 298; *Oil Run Petroleum Co.* v. *Cole,* 6 W. Va., 526.

4. It must admit or at least not deny title in either of the claims. *Killear* v. *Elbinghaus,* 110 U. S., 568; *Helman* v. *Schneider,* 75 Fla., 422; *McHenry* v. *Hazard,* 45 Barb. (N. J.), 65; *Illingworth* v. *Rowe,* 52 N. J. Eq., 360; *Orient Ins. Co.* v. *Reen,* 81 Cal., 145.

5. It must show that the plaintiff is ignorant of the rights of the parties who were called upon to interplead, or that there is some doubt in point of law or fact to which claimant the debt or duty belongs. *Parker* v. *Barker,* 42 N. H., 78; *Briant* v. *Reed,* 14 N. J. Eq., 271; *Illingworth* v. *Rowe,* 52 N. J. Eq., 360, and other cases cited above.

6.   That the plaintiff disclaims any personal interest in the thing in controversy, by citing his own rights so as to negative any such interest.   *Williams* v. *Mathews,* 47 N. J. Eq., 196; *Story's Eq. Pl.,* Section 292.

7.   And, lastly, the party interpleading must bring or offer to bring the money or thing claimed into court, so that he can not be benefitted by delay in payment.   *Crane* v. *McDonald,* 118 N. Y., 648; *Bassett* v. *Leslie,* 123 N. Y., 296; *Travelers' Ins. Co.* v. *Healy,* 86 Hun. (N. Y.), 524; *Gilson* v. *Goldthwaite,* 7 Ala., 281.

The supplemental answer of the defendant does not bring nor offer to bring the money due from it on the policy of insurance into court, and therefore it lacks one of the essential elements of the interpleader.

The answer and supplemental answer must be read together, and so read must be regarded as the answer of the defendant in the case.   The original answer denies title or right of the plaintiff in the money sought to be recovered in this action, and in that respect the answer differs from the allegations which must be set forth in a bill or answer in interpleader?

Our conclusion is that the facts contained in the supplemental answer are such as are intended to show that the plaintiff has no right to recover, and that the court would not be justified in requiring the defendant to elect between reliance upon the facts contained in the original answer and the facts set forth in the supplemental answer, and the motion is overruled.

Much of the oral argument of counsel and of their written briefs has not been referred to nor considered in the opinion on this motion for the reason that they go to the question of the plaintiff's right to maintain the action, in view of the facts as shown by the pleadings, and as we have already said the cause is submitted to the court solely on the motion filed by the plaintiff to compel an election by the defendant.

ON MOTION BY DEFENDANT TO REQUIRE THE PLAINTIFF TO BRING
    IN THE EXECUTORS OF CHARLES H. HACKLEY AND THE HACK-
    LEY NATIONAL BANK AS NECESSARY PARTIES TO THE ACTION,
    AND UPON FAILURE SO TO DO TO DISMISS THE ACTION.

This cause now comes on for consideration on the motion filed
by the defendant to require the plaintiff to bring in the execu-
tors of Charles H.. Hackley and the Hackley National Bank of
Michigan as necessary parties to this suit, and on her failure to
bring them in to dismiss her action.

The plaintiff in her reply admits she executed and delivered
the assignment of the policy of insurance as alleged by the de-
fendant in its answer, but says that under the statute law of
Michigan the assignment is void. She also pleads no considera-
tion, and the extension of time on the notes to avoid the assign-
ment of the policy.

That the Michigan parties are necessary to the correct deter-
mination of this case there can be no doubt. If the courts of
this state on the legal propositions involved in this case should
sustain the claims of the plaintiff, and the Federal court hold
in favor of the Michigan parties, the defendant would have to
pay the money twice—a manifest injustice which no court in a
civilized country would sanction. If our courts should sustain
the contention of the defendant, and the Michigan court adopt
the plaintiff's view, the defendant would escape paying a valid
debt, a result equally as unjust. It is manifest, therefore, that
the rights of the parties to the fund in suit must be adjudicated
by the same tribunal.

Counsel for plaintiff eloquently declare in their oral argument:

"She (the plaintiff) does not propose to go to the courts of
Michigan to litigate a matter that she has a right to litigate in
the courts of Ohio; nor does she propose to be turned out of
doors when she has once appealed to the jurisdiction of the Ohio
courts."

Counsel's argument is calculated to touch our state pride and
excite sympathy for the plaintiff—a woman—even as the declara-
tion, "where the American flag has once been raised no hand will
be permitted to haul it down," stirs our patriotism.

580    RICHLAND COUNTY COMMON PLEAS.

Swett v. Insurance. Company.    [Vol. VIII, N. S.

But neither chivalrous sentiments, pride of state, nor love of country, should make us forget the blind goddess with her sword and scales. Even-handed justice must be administered, although it be necessary to turn a litigant out of court or haul down the American flag.

Counsel for plaintiff cite Section 5016, Revised Statutes of Ohio, and say it was passed for the purpose of taking care of just this kind of a case. We can not agree with counsel. That section can only apply to persons who may be reached by the process of the court. It assumes to deal with parties only who are within the court's jurisdiction. It was not intended to apply, and could not apply, to two or more persons claiming the same fund by suits in as many different states. The decided cases of the Ohio courts cited by counsel for both parties aid us but little for that reason; they are all (except the nisi prius case of Erie county) cases where the parties were within the territorial jurisdiction of the court, and they should be read in the light of that fact.

It is said that it will impose a great hardship on the plaintiff if she is required to go to Michigan to litigate her rights, and that the defendant is responsible for the present condition of matters pertaining to this case. We fail to see the force of the argument. The plaintiff was a resident of Michigan when the policy was issued, and it was her domicile when the alleged assignment of the policy was made by her and her husband, and remained her domicile till after the death of her husband. She by her own act, which could not be controlled by defendant, changed her domicile to Ashland county, this state, and by her own voluntary act brought this action here; and by the process of this court brought the defendant within its jurisdiction without its will or consent, and now invokes the authority and jurisdiction of the court for a judgment. The argument that the defendant could have protected itself from being put in its present situation by a provision inserted in its policy, does not appeal strongly to the court.

The plaintiff has by her own voluntary acts created the present condition of affairs. She assigned the policy in Michigan when she was domiciled there to parties now resident there.

The policy is now in the hands of the Michigan parties. She then left that state and came here and brought this action. We think it would be no injustice to her to require her to go back to Michigan and meet the parties with whom she dealt there in a court of that state to litigate her claims.

We have examined the authorities cited by counsel in their briefs, but this already too lengthy opinion should not be made longer by any further comments of the court.

The motion is sustained with exceptions.