## MALONE *v.* MALONE.

Emma Malone, as next friend of her six minor children by her deceased husband, James Malone, brought her equitable petition against Mary Malone, the mother of the decedent, alleging: that he left at his death a policy of insurance upon his life, payable to the defendant; that the defendant had informed the petitioner that the insurance had been made payable to the defendant with the understanding (to which defendant agreed) that she was to hold the proceeds as trustee for the minor children in the event of the death of the insured; that the defendant, while claiming no interest in the proceeds of the policy, proposed to use the interest from the fund to support the children, on certain stated conditions which constituted no part of the contract between decedent and the defendant; that there was no writing as to the terms of the agreement between decedent and his mother. Petitioner prayed that the court establish a trust in favor of the children in the proceeds of the policy of insurance. *Held,* that the petition sought to have an express trust declared in the absence of any writing creating or declaring the same; and the court properly sustained the general demurrer.

JANUARY 12, 1912.

Equitable petition. Before Judge Hammond. Richmond superior court. October 11, 1910.

*B. B. McCowen* and *W. K. Miller,* for plaintiff.

*D. G. Fogarty* and *Hamilton Phinizy,* for defendant.

Emma Malone, as next friend of her six minor children, filed a petition against Mary Malone, alleging as follows: James A. Malone, the husband of petitioner and father of said children, was a locomotive engineer. He died leaving a policy of insurance upon his life, for $3,000, in the Brotherhood of Locomotive Engineers, and the same was payable to the defendant, who is the mother of James A. Malone. The defendant informed petitioner of defendant's exact situation, to wit: that the insurance had been made payable to defendant with the understanding that she was to hold the proceeds as trustee for the children of James A. Ma-

lone in the event of his death; that the defendant's said son made defendant the trustee rather than his wife, because he believed his mother was a better business manager than petitioner; and that defendant accepted said trust. The insurance money has not been collected, but the defendant has "proposed to put the same in bank when collected, and pay the interest to the support of the said children of petitioner, and then only on condition that petitioner shall allow said Mary Malone to have control of said children and place them in a Roman Catholic Convent in Savannah." Such conditions constituted no part of the contract between James A. Malone and Mary Malone. The principal of the insurance money will have to be encroached upon from time to time to support said children; petitioner is unable herself to do so; she is prepared to work and do her best to support and maintain her children, but considers the demand made upon her to surrender them to the care of others is unnatural, and so foreign to any arrangement made between Mary Malone and James A. Malone as justifies petitioner in bringing her petition for the removal of defendant as trustee under the insurance policy. Petitioner knows of no written contract between her husband and his mother, and understands that there was nothing in writing as to the terms of the agreement between them. The prayers are: for judgment establishing defendant's relation to said fund, lest after her death it be claimed that said fund is a part of defendant's individual estate; that the court establish a trust in favor of the children in the proceeds of the policy; that the use of said fund by the defendant be restrained; that a new trustee be appointed and required to give bond; and that such trustee or the legal guardian of the children be authorized to encroach upon the corpus of the fund for the support and maintenance of the children; and for general relief. By amendment it was alleged, that, since filing the original petition, the proceeds of the policy had been collected by the defendant, that she was holding the same pursuant to the understanding had with her son in his lifetime, and that she was refusing to aid petitioner in any way.

A general demurrer was sustained, and the plaintiff excepted. The court retained in force the order restraining the defendant from disposing of the $3,000 until the judgment of the Supreme Court.

BECK, J. (After stating the facts.) The headnote states the facts alleged which are material to the decision of the question of law raised by the general demurrer to the petition. Other facts, as appears from the foregoing statement, were alleged which might have been material in considering whether or not, had a trust been declared and decreed, of which the minor children of the plaintiff were the beneficiaries, the defendant should be removed from her office as trustee and another substituted, and whether the encroachment upon the corpus of the estate should be allowed in view of all the circumstances set forth; but these additional facts became immaterial after it was determined that no trust had been created.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*