## OGLESBY *v.* WILMERDING, MORRIS & MITCHELL *et al.*

Under the express provisions of our statute upon the subject of trusts, no express trust can be created by parol in this State; and upon the application of this statutory provision to the facts stated in the petition the court properly sustained the demurrer to so much of the petition as sought to have the debt due the petitioner declared and decreed to be a trust debt.

No. 1185. APRIL 16, 1919.

      Equitable petition; intervention.    Before Judge Hodges.    Oglethorpe superior court.    September 16, 1918.

      *George C. Grogan,* for plaintiff.

      *Joel Cloud, Smith, Hammond & Smith,* and *Rosser, Slaton, Phillips & Hopkins,* for defendants.

      BECK, P. J.   Ada L. Oglesby filed her petition against G. D. Lumpkin as executor of T. B. Lumpkin, deceased, and others, pray-

ing that a certain debt claimed by her against the estate of the decedent be declared to be a debt of trust, and that its priority as such be decreed. The defendants filed an answer admitting the facts set forth in the petition. Certain creditors of the deceased T. B. Lumpkin filed pleas and demurrers contesting the right of the petitioner to have her debt established as a prior claim. The court sustained the demurrers and struck so much of the petition as sought to have the claim of petitioner impressed with the character of a trust debt; and the petitioner excepted to this ruling.

The exception just stated raises the only question which the court has to decide. George B. Lumpkin, the father of T. B. Lumpkin, died in September, 1905, leaving as a part of his estate a tract of land of the value of about $6,000. He left four children and a widow. The children had all attained their majority, and they entered into a verbal agreement to the effect that the place should be sold to a named purchaser for $6,300. This having been done, the indebtedness of the estate of George B. Lumpkin was paid, and $4,000 of the purchase-price remained after paying the debts. It was then agreed that this $4,000 "should be held in trust by T. B. Lumpkin, and he charged with the duty of paying to Mrs. Lucy A. Lumpkin the interest on the same at 8% during her life, and at her death should divide the said $4,000.00 equally between the said four named children. . . T. B. Lumpkin did so take the $4,000 under these terms and conditions, and paid Mrs. Lucy A. Lumpkin the interest on the same up to the time of her death. which occurred March 21, 1909, and paid certain small sums to petitioner, reducing her debt to $963.00." Petitioner contends that her claim against the trustee of T. B. Lumpkin takes rank as a debt due by the deceased as trustee; and that the agreement between the heirs for T. B. Lumpkin to hold the $4,000 and pay the interest of their mother during her life created a trust. We arc of the opinion that the court properly sustained the demurrer to that part of the petition which seeks to have the debt due the petitioner given priority as a trust debt. If the verbal agreement under which T. B. Lumpkin took charge of the fund of $4,000 created a trust, it was an express trust. And under the provisions of our law all express trusts must be created in writing. Civil Code, § 3733. If, as contended by counsel for plaintiff in error, a

trust like this could have been created by parol at the time of the decision in the case of *Gordon* v. *Green*, 10 *Ga.* 534, no such trust could be created after the adoption of our code containing the provision in regard to the creation of trusts. No elaboration of this ruling is necessary. There are express rulings by this court, made since the code, which control the question here presented for decision. *Eaton* v. *Barnes*, 121 *Ga.* 549 (49 S. E. 593). In the case of *Smith* v. *Peacock*, 114 *Ga.* 696 (40 S. E. 759, 88 Am. St. R. 53), it was held: "But . . upon the question as to whether this testimony showed the creation of such a trust, we will simply say that no express trust was created, for the sufficient reason, if for no other, that, since the adoption of the code, no express trust can be created by parol in this State." Upon application of this ruling to the facts of this case the court properly sustained the demurrer to so much of the petition as sought to have the debt due petitioner declared a trust debt.

<em>Judgment affirmed. All the Justices concur.</em>