KNIGHT *v.* JACKSON, administratrix, *el al.*

1. To authorize a petition for interpleader, it must appear from its allegations that the conflicting claims of the defendants are of such a character as to render it doubtful or dangerous for the plaintiff to act.

2. Where a client directed her attorney to pay over all moneys which he might collect on a judgment, which he had obtained against her debtor, to her nephew or to his guardian when appointed, and where, after the attorney had collected the money due on this judgment, the client directed the attorney to hold the same for her nephew and to deliver this money to him or his guardian as soon as one should qualify, stating that she had already given this money to the nephew, and where the client died before the attorney had paid over these funds to the nephew or to his guardian, there was no valid gift of this money by the client

to her nephew, for lack of delivery of the subject-matter of the gift to the donee.

3. Where, after the collection of the money due on the judgment, the attorney advised his client that he was holding said money and that he preferred to dispose of it, as her nephew was a minor without guardian, and not in position, on account of his youth, to receive the same, and where he tendered to his client his check for this fund, which she declined and refused to permit the attorney to pay the same over to her, stating that she had given this money to her nephew, and that if he had no guardian she would then and there deliver it to the attorney to be held by him in trust for the nephew, this did not create a trust in this money for the benefit of the minor, as it was an effort to create by parol an express trust, which can not be done since adoption of the Code.

4. Where one of the defendants to the petition for interpleader, as guardian for the nephew, claimed the funds in the hands of the plaintiff, under such alleged gift and trust, both of which are invalid for the reasons set out in headnotes 2 and 3 above and in the opinion, the petition did not make a case for interpleader; and the trial judge did not err in sustaining the demurrer.

No. 3641. JULY 26, 1923.

Petition for interpleader. Before Judge Dickerson. Lanier superior court. January 10, 1923.

J. P. Knight brought a bill of interpleader against Mrs. Alice Jackson as administratrix on the estate of Mary Knight, deceased, and Mrs. Kate Penland as guardian of the person and property of Marvin Penland, a minor. The plaintiff, who is an attorney at law, alleged that in September, 1913, he was employed by Miss Mary Knight to collect a sum of money from J. H. W. Livingston, of Clinch County, which he owed her for purchase-money of land, with the understanding that he should receive for his services one third of the recovery. In 1916 he recovered, in Clinch superior court, a judgment in favor of Miss Knight against Livingston, upon which he subsequently realized $645.13. On March 24, 1916, before anything had been collected on the judgment, Miss Knight directed the plaintiff to pay over all moneys that he might collect from Livingston on her claim to her nephew, Marvin Penland, or to his guardian when appointed; and after the sum of $645.13 was collected, she directed the plaintiff to hold that sum for her nephew and to deliver it to him, or to his guardian, as soon as one should qualify, stating that she had already given the amount to him by reason of her love and affection for him. In October, 1916, while the plaintiff still had in his hands the sum so

collected, Miss Knight died, and Mrs. Jackson was appointed administratrix on her estate. Thereafter Mrs. Kate Penland was appointed and qualified as guardian of Marvin Penland; and both she, as guardian, and Mrs. Jackson, as administratrix, made demands on the plaintiff for payment of the money in his hands. The plaintiff insists that the rights of the contending parties to the fund depend upon questions of both law and fact, and that their claims are of such character that it is doubtful and dangerous for him to pay it over to either of them. He contends, therefore, that they should be required to interplead and set up their respective claims in this proceeding, in order that the court may determine who is entitled to the money. On or about Aug. 16, 1916, plaintiff advised Miss Knight that he was holding the moneys collected for her from Livingston, and told her he preferred to dispose of it, as Marvin Penland was a minor without guardian, and not in position, on account of his youth, to receive said funds. He had drawn a check payable to Miss Knight for these funds, but she declined to accept the check, or allow plaintiff to pay over to her said money, saying she had given the money to the minor, and that if he had no guardian to take the money she would then and there deliver it to the plaintiff to be held by him in trust for said minor, and directed plaintiff to tear up the check, declining to accept the same.

Mrs. Alice Jackson, administratrix of Miss Mary Knight, demurred to the petition, on the grounds : (1) that it sets forth no cause of action; (2) that it appears that the alleged gift from Mary Knight to Marvin Penland was not a complete gift, and neither Penland nor his guardian acquired any interest in the funds in the hands of the plaintiff; and (3) that plaintiff fails to show by his petition that interpleader is necessary for his protection. The court sustained the demurrer, and the plaintiff assigned error on this judgment.

*J. D. Lovett,* for plaintiff.

*E. K. Wilcox* and *W. D. Buie,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. Real doubt or danger alone authorizes one to file a petition for interpleader. It must appear from the allegations of the petition that the conflicting claims of the defendants are of such character as to render it doubtful or dangerous for the plaintiff to

act; and in order to do this it is necessary that such claims be set forth so as to inform the court of their nature, character, and foundation, certainly to the extent of enabling the court to determine whether or not an interpleader is essential to the plaintiff's protection. *National Bank* v. *Augusta &c. Co.,* 99 *Ga.* 286 (25 S. E. 686). The conflicting claims must be of such character as to render it doubtful or dangerous for the plaintiff to act. Civil Code (1910), § 5471. Before "a stakeholder can call upon adverse claimants of a fund in his hands to interplead, he must satisfactorily show to the court that their claims have such a 'foundation in law as will create a reasonable doubt' as to his safety in undertaking to determine for himself to whom the fund belongs." It is no longer the rule that the stakeholder is entitled to be put beyond the shadow of a risk. It is not incumbent upon him "to decide at his peril either close questions of fact, or nice questions of law;" but when he is in possession of all the facts, and the questions of law involved are not intricate nor debatable, from repeated decisions of the courts, a petition for interpleader will not be looked upon with favor, and will be denied. *Franklin* v. *Southern Ry. Co.,* 119 *Ga.* 855 (47 S. E. 344).

Under these familiar principles of law, do the facts alleged in plaintiff's petition make a case for interpleader? The answer depends upon whether either the alleged gift of this money by the donor to the donee was a complete gift or a valid trust in these funds was created in favor of the latter.

2. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by law in lieu thereof." Civil Code (1910), § 4144. Actual manual delivery is not essential to the validity of a gift. Any act which indicates a renunciation of dominion by the donor, and the transfer of dominion to the donee, is a constructive delivery, § 4147. Whether actual or constructive, there must be an immediate delivery of the chattel by the donor to the donee. *Anderson* v. *Baker,* 1 *Ga.* 595. What are the facts on which this alleged gift rests? The client placed with her attorney for collection a claim against her debtor. After judgment and before anything had been collected thereon, the client directed her attorney to pay over all money which he might collect thereon to her nephew, or to his guardian when appointed. After

the money was collected, she directed her attorney to hold the same for her nephew, and to deliver it to him or to his guardian as soon as one should qualify, stating that she had already given the same to her nephew on account of her love for the latter. The client died while these funds were still in the hands of the attorney, and before they had been turned over to the nephew or his guardian by the attorney. Clearly the direction given the attorney by the client before he had collected any money on the judgment, that he was to pay over all money which he might collect thereon to her nephew or to his guardian when appointed, did not create a complete and valid gift in favor of the donee. The subject-matter of the gift was not then in existence, and there was no shadow of delivery, either actual or constructive. The direction by the client to the attorney, after the money had been collected, to hold it for the nephew and deliver it to him or his guardian as soon as one qualified, coupled with the statement that she had already given the same to the nephew, did not constitute a complete and binding gift. The direction did not contemplate the immediate delivery of the funds to the donee. It clearly contemplated delivery when he became of age or delivery to his guardian when one was appointed. Until such delivery, the attorney held these funds for his client, and she could at any time revoke the direction given him. There was no renunciation of dominion over the funds by the donor nor transfer of dominion to donee, and there was no change of possession of the subject-matter of the gift. *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726). This being the case, the death of the donor, with these funds still in the attorney's hands, was a revocation of his authority to deliver the funds to the minor or to his guardian. " Where the owner of money deposited it with another and directed him to deliver the same to a third person as a gift from such owner, he could, at any time before actual delivery to the intended donee and acceptance of the gift by him, recover the money from him with whom it had been so deposited for the purpose stated." *Smith* v. *Peacock,* 114 *Ga.* 691 (40 S. E. 757, 88 Am. St. R. 53). See *Howard College* v. *Pace,* 15 *Ga.* 486; *Burke* v. *Steele,* 40 *Ga.* 217.

3. The donor having died before the gift became complete, her administratrix would be entitled to recover these funds from the attorney, unless a valid trust in them in behalf of the donee was

created by the donor. The attorney advised his client that· he was holding the moneys collected for her from Livingston, and that he preferred to dispose of them, as her nephew was a minor without guardian, and not in position, on account of his youth, to receive the funds. The attorney had drawn a check payable to his client for these funds, but she declined to accept it or the money, saying she had given the money to her nephew, and as he had no guardian she would then and there deliver it to the attorney to be held in trust for the nephew, and directed him to tear up the check. Here was an effort on the part of the aunt to create an express trust by parol in behalf of her nephew. She undertook to constitute the attorney a trustee for the nephew. Prior to the Code, a trust in personalty could be created by parol. *Kirkpatrick* v. *Davidson,* 2 *Ga.* 297; *Robson* v. *Harwell,* 6 *Ga.* 589, 603. Since the Code an express trust can not be created without writing. *Malone* v. *Malone,* 137 *Ga.* 429 (73 S. E. 660); *Smith* v. *Peacock,* supra; *Eaton* v. *Barnes,* 121 *Ga.* 548 (49 S. E. 593); *Oglesby* v. *Wilmerding,* 149 *Ga.* 45 (99 S. E. 29). So no valid trust in behalf of the nephew was created, as the attempt to do so was by a parol declaration alone. The alleged gift being incomplete from lack of delivery, and the trust in behalf of the nephew being void because declared by parol alone, the plaintiff failed to make out a case of interpleader, and the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*