CASWELL *v.* CASWELL *et al.*

No. 9399. JUNE 13, 1933.

*Leon Hood,* for plaintiff.

*Frank S. Loftin* and *Willis Smith,* for defendants.

HILL, J. (After stating the foregoing facts.)

■ It appears from the record in this case that Other C. Caswell, Otis B. Caswell, and A. B. Caswell were brothers. A. B. Caswell died, leaving a paper which was offered for probate as his will. This will was probated in solemn form on appeal to the superior court. A motion for new trial is still pending in that proceeding. The allegations of the present petition are not sufficient to take the case out of the general rule, that, unless facts exist clearly showing that there is good reason for so doing, equity will not interfere with the regular administration of an estate by a legal representative. *McArthur* v. *Jordan,* 139 *Ga.* 304 (77 S. E. 150); Civil Code (1910), § 4596.

■ The plaintiff offered an amendment alleging that the agreement referred to in the original petition was reduced to writing, and setting out the written instrument. This instrument recited that Other C. Caswell, the plaintiff in error, and A. B. Caswell, deceased, took out certain insurance payable to their brother Otis B. Caswell;

158

and "if Other outlives me, Otis is to collect the insurance and pay my debts and land and burial expenses, and he and Brother Otis are to have my interest in the land and divide my insurance between them; and in case I outlive Brother Other, Brother Otis is to collect his insurance and pay his debts on land and burial expenses, and A. B. Caswell and Otis are to have Other's interest in the land and divide the insurance between them. We do not want any of our other kinfolks to have any of our property." This paper was signed by A. B. Caswell and Other C. Caswell, and witnessed by J. C. Powell and Richard Abner. This amendment was disallowed. It will be observed that this alleged contract is between Other C. Caswell and A. B. Caswell, the deceased, and it therefore could not bind Otis B. Caswell and his wife, Lavada, who are the sole legatees under the will of A. B. Caswell. The proffered amendment alleged that the agreement referred to in the petition was reduced to writing, and the writing was set forth and contained in the amendment. Since the written instrument, as we shall presently show, was wholly void for any purpose, it may or may not be true that the original parol agreement was not merged in and extinguished thereby. In any event, the parol agreement is a mere attempt to create an express trust, and as such it is invalid as to any of the property, because such a trust can be created only in writing. Civil Code (1910), § 3733; *Oglesby* v. *Wilmerding,* 149 *Ga.* 45 (99 S. E. 29); *Knight* v. *Jackson,* 156 *Ga.* 165 (3) (118 S. E. 661). It follows that even if the oral agreement was not merged into and extinguished by the written instrument set forth in the amendment, the petition failed to state any cause of action based upon such oral agreement. Nor do the facts show an implied trust in any of the property. *Johnston* v. *Coney,* 120 *Ga.* 767 (48 S. E. 373). While the petition denominates certain funds in the hands of Otis B. Caswell as trust funds, this is done merely by way of conclusion, which conclusion is disputed by the specific facts alleged in relation to the oral agreement.

The written instrument itself is not a deed, and does not otherwise amount to a contract, but is an instrument which is purely testamentary in character. Civil Code (1910), § 3828; *Johnson* v. *Yancey,* 20 *Ga.* 707 (65 Am. D. 646); *Bright* v. *Adams,* 51 *Ga.* 239; *Ward* v. *Campbell,* 73 *Ga.* 97; *Barnes* v. *Stephens,* 107 *Ga.* 436 (33 S. E. 399). But since the paper was attested by only two

witnesses, it is invalid as a will. Nor does the instrument establish or declare a trust of any kind. 26 R. C. L. 1183, 1186, 1191, §§ 20, 22, 28. It follows that this paper is void and of no effect for any purpose whatever.

From the foregoing and other reasons which might be given, the petition fails to set out any equitable cause of action. The court did not err in disallowing the amendment and in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

BECK, P. J., concurs in the result.