### 39700. KIRKSEY et al. v. TEACHERS' RETIREMENT SYSTEM OF GEORGIA et al.

MARSHALL, Presiding Justice.

The decedent, Douglas Leon Kirksey, enrolled in the Teachers' Retirement System of Georgia (TRS) in 1965. At that time, he executed a document designating his father, A. L. Kirksey, as the beneficiary of survivor's benefits. In 1966, Douglas married Sheila Kirksey, and they had two children, Stacey and Brannon. Douglas died in 1980, without having changed his designation of his father as the beneficiary of survivor's benefits under TRS.

Subsequent to Mr. Kirksey's death, his wife and their two minor children filed a petition for year's support in the Probate Court of Paulding County. A. L. Kirksey was given notice of the year's-support proceeding, and in July of 1981 the appraiser set apart to petitioners "[a]ll rights and claims of Douglas Leon Kirksey arising from contributions to and enrollment in the Teachers' Retirement System of Georgia, including Survivor's Benefits."

In February of 1982, Sheila, in her individual capacity and as next friend of her two children, filed the present complaint in the Fulton Superior Court against TRS and A. L. Kirksey. In the complaint, it is alleged that notwithstanding the year's-support judgment entered by the probate court, TRS has been paying survivor's benefits in an unknown amount to A. L. Kirksey. It is argued that the decedent's designation of A. L. Kirksey as beneficiary of his survivor's benefits was revoked by virtue of the birth of his two children. Accordingly, the plaintiffs seek issuance of a writ of mandamus compelling TRS to pay the survivor's benefits with respect to Douglas Leon Kirksey to the plaintiffs. The plaintiffs also seek judgment against A. L. Kirksey for all monies paid to him on the account of Douglas Leon Kirksey.

The superior court denied the plaintiffs' motion for summary judgment and granted the defendants' motions for summary

judgment. The plaintiffs appeal.

In this appeal, the plaintiffs' basic argument is that the designation of A. L. Kirksey as beneficiary of the decedent's survivor's benefits is an effective will, and, therefore, it was revoked by the decedent's marriage and the birth of his two children. In the alternative, the plaintiffs argue that the right to survivor's benefits, based on the decedent's contributions to TRS, was subject to the year's-support award, and A. L. Kirksey, having been a party to the year's-support proceeding, cannot collaterally attack the year's-support judgment in this suit.

For reasons which follow, we reject these arguments and hold that the superior court did not err in entering the judgment from which this appeal has been taken.

1. The law governing TRS is codified at OCGA Ch. 47-3. TRS was established for the purpose of providing retirement allowances and other benefits for teachers of this state, and it is under the management of a board of trustees. OCGA § 47-3-20 et seq. (Code Ann. § 32-2902 et seq.) The contributions made by members of the system to provide for their annuities are deducted from their compensation, and these contributions are accumulated in the "annuity savings fund." OCGA § 47-3-41 (Code Ann. § 32-2921). A member of the retirement system may "by means of a written designation duly executed and filed with the board of trustees" nominate a beneficiary, who then becomes entitled upon the death of a member in service to either a cash refund of the member's contributions, plus interest; or a monthly death benefit, if the member had a minimum of 10 years' creditable service at the time of death and if the beneficiary is entitled to such a benefit under the member's beneficiary designation form. OCGA § 47-3-123 (Code Ann. § 32-2905).

OCGA § 47-3-28(a) (Code Ann. § 32-2923) is what is referred to as an anti-attachment provision; and it states: "The right to a pension, annuity, retirement allowance, return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit, or any other right accrued or accruing to any person under this chapter and the moneys in the various accounts created by this chapter are exempt from any state, county, or municipal tax; exempt from levy and sale, garnishment, attachment, or any other process whatsoever; and shall not be assignable except as otherwise specifically provided in this chapter. The exemptions under this Code section shall extend to benefits accrued or accruing to any member of a local retirement system, whether such benefits are attributable to amounts paid by the retirement system to such local retirement system for the account and benefit of the member, or

otherwise."

2. Pretermitting the question of whether a designation-of-beneficiary document executed by a member of TRS could ever be characterized as a will, we hold that the document here does not qualify as a will because the plaintiffs have failed to show that the document was executed in compliance with formalities required for the execution of wills.

It is true that a will is simply the legal expression of a person's wishes as to the disposition of his property after his death. Redfearn, Wills, Georgia, § 6 (4th Ed.). It is also true that no particular form of words is necessary to constitute a will. Redfearn, supra, at § 10. However, even an instrument that is intended to operate as a will is not valid as such unless the maker's signature has been attested in his or her presence by at least two competent witnesses. See OCGA § 53-2-40 (Code Ann. § 113-301); *Guest v. Stone,* 206 Ga. 239 (56 SE2d 247) (1949); *Caswell v. Caswell,* 177 Ga. 153 (169 SE 748) (1933); *Tyson v. Hutchinson,* 164 Ga. 661 (139 SE 519) (1927); Redfearn, supra, at § 78.

Although the designation-of-beneficiary document executed by the decedent in 1965 does contain the signature of a notary public, as well as the signature of the decedent's employer, there has been no showing that these persons signed the document in the presence of the decedent as attesting witnesses.

3. The courts have upheld provisions in retirement system laws exempting their members' benefits from garnishment, attachment, levy, execution, or other processes of law, and it has also been held that such anti-attachment provisions render the retirement benefits immune even from family-support claims. See Fowler v. Fowler, 362 A2d 204 (93 ALR3d 705) (N. H. 1976); Ridgway v. Ridgway, 454 U. S. 46 (102 SC 49, 70 LE2d 39) (1981) and cits.

Year's support for a widow can be set apart only from the estate of the deceased husband, and if property included in a year's-support award does not in fact constitute part of his estate, the year's-support judgment will not attach to such property, but will be void as applied thereto. *Nuckolls v. Merritt,* 216 Ga. 35, 36 (114 SE2d 427) (1960).

We thus conclude that the retirement benefits of the decedent in TRS are not subject to the plaintiff's year's-support claim.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1983.

*Talley & Talley, Jeffrey B. Talley, Alston & Bird, G. Conley Ingram,* for appellants.

*Michael J. Bowers, Attorney General, Gregory W. Blount, Staff*

*Assistant Attorney General, Clifton O. Bailey III,* for appellees.