Wade, adm'r, for use, *vs.* Graham.

---

REUBEN W. WADE, administrator, for use, plaintiff in error, *vs.* WILLIAM A. GRAHAM, defendant in error.

1. Diligence requires that counsel for plaintiff in error should ascertain whether their case had reached the term of this court to which it was by law returnable; if it has not, immediate steps should be taken by *mandamus* to cause the necessary papers to be forwarded.

2. When a bill of exceptions has been certified and signed by the judge and filed in the clerk's office of the court below, as required by law, then, in legal contemplation, this court acquires jurisdiction of the case, and the application to establish a copy thereof from that on file in the clerk's office in the court below, in lieu of the lost original, should be made to this court, and not to the court below.

Practice in the Supreme Court. Lost papers. Before the Supreme Court, August Term, 1877.

Reported in the opinion.

E. C. Bower, for plaintiff in error.

R. E. Kennon; Herbert Fielder, by Z. D. Harrison, for defendant.

Warner, Chief Justice.

When this case was called for a hearing upon the docket, the defendant in error made a motion to dismiss it, on the ground that it had not been sent up to this court within the time, and in the manner prescribed by law.

It appears, from what purports to be an established copy of a record, now before us, from Clay superior court, that the original bill of exceptions was certified and signed by the presiding judge, on the 3d day of October, 1876, and filed in the clerk's office on the 18th of October, 1876, but which original bill of exceptions, together with the record, never reached this court, and was alleged to have been lost in the transmission thereof from the court below to this court. At the September term of Clay superior court, on the 25th day of that month, 1877, an order was granted by the court establishing a copy of said lost bill of exceptions in lieu of said lost original, and directing that the clerk of said court transmit the same *instanter* to the clerk of this court, which is the record and bill of exceptions upon which the plaintiff in error now claims this court shall hear the case.

The original bill of exceptions signed by the judge, which was the writ of error, was returnable to the last January term of this court. It was the duty of the plaintiff in error, in the exercise of ordinary diligence, to have known whether his case had reached the January term of the court, and if it had not, to have inquired as to the cause of the delay, and if, upon such inquiry, he had ascertained that the papers

had been lost in the transmission thereof, to have at once applied to this court for an order to establish copies thereof from those on file in the clerk's office in the court below, which would furnish the best evidence of the contents of the originals, and then had the case entered upon the docket of this court, so as to have been heard at the first term of the court to which the case was made returnable, as required by the constitution and laws of the state. When a bill of exceptions has been certified and signed by the judge and filed in the clerk's office of the court below, as required by law, then, in legal contemplation, this court acquires jurisdiction of the case, and the application to establish a copy thereof, from that on file in the clerk's office in the court below, in lieu of the lost original, should have been made to this court, and not to the court below. The plaintiff in error having failed to exercise the proper diligence to have had their case entered upon the docket of this court at the January term thereof, to which, by law, it was made returnable, so that it could have been heard at that term, the case must be dismissed, and it is so ordered. Whereupon the plaintiff in error then moved the court for leave to withdraw his case, which he was allowed to do.