· LANIER & ANDERSON; WHITTLE & WHITTLE; JACKSON & LUMPKIN, for plaintiffs in error.

LYON & GRESHAM; G. W. GUSTIN; BLOUNT & HARDEMAN; JNO. P. FORT; R. K. HINES; HILL & HARRIS, for defendants.

McDANIEL *et al. vs.* BRAKEFIELD.

1. Diligence requires that counsel for plaintiff in error should ascertain whether their case has reached this court, and this information must be acquired in time to have the papers on file, by some appropriate proceeding, before the conclusion of the call of the cases on the circuit to which it belongs.

2. When the clerk of the court below makes affidavit that he has forwarded by mail the transcript of the record and the original bill of exceptions to the clerk of this court, and the papers fail to arrive, a copy of the bill of exceptions may be established, provided the motion be made before the conclusion of the call of the docket of the circuit to which the case belongs.

· 3. As to the court in which the motion to establish a copy of the transcript of the record should be made, is left undecided.

Practice in the Supreme Court. Establishment of lost papers. September Term, 1880.

Plaintiffs in error filed their petition for a *mandamus* against the clerk of Harris superior court, requiring him to forward the original bill of exceptions, together with a transcript of the record in the above stated case. This petition was presented at the conclusion of the call of the docket of the Chattahoochee circuit, to which the case

belonged. The order prayed for was refused, the court enunciating the principle stated in the first head-note.

Counsel for plaintiffs in error then moved to establish a copy of the bill of exceptions and of the record in this court, producing the affidavit of the clerk of Harris superior court to the effect that he had forwarded by mail the original bill of exceptions and the transcript of the record in time, etc. He further deposed that he had mislaid the receipt of the postmaster. This affidavit was corroborated by the certificate of an attorney at law, B. H. Walton, to the effect that he had made a copy of the record and of the bill of exceptions for the clerk within the time prescribed by law. It was insisted that this could be done under decision in *Wade, administrator, vs. Graham,* 59 *Ga.,* 642. The court refused the motion, holding as stated in the second head-note.

CARY J. THORNTON, by W. S. WALLACE, for movants.

J. M. MOBLEY, *contra.*