HIGH & COMPANY *v.* CANDLER.

Before a bill of exceptions becomes an office paper of the Supreme Court, so as to be established here as a lost paper, it must affirmatively appear that it was not only certified by the trial judge and filed in the office of the clerk of the court below, but certified as the original bill of exceptions so as to be ready for transmission to this court. Until this is done, it is exclusively an office paper of the trial court, although the case itself be no longer pending there.

Argued November 2, — Decided November 26, 1897.

Motion to establish copy of lost bill of exceptions.

*Dean & Hobbs*, for movant. *J. B. Estes*, contra.

SIMMONS, C. J. It appears that J. M. High & Company lost their case in the city court of Hall county. They made a

motion for a new trial, which was overruled. They made out a bill of exceptions to the overruling of the motion, which was certified by the judge who had decided the case, and filed with the clerk of the court; and service was acknowledged·by the opposite counsel. Before it was transmitted to this court or was ready to be so transmitted, it was lost. Counsel applied to this court to establish a copy of the bill of· exceptions, setting out the copy sought to be established. The above-recited facts appeared in the motion. The question is whether, under the facts recited, this court has jurisdiction to establish the lost paper. After careful consideration, we have come to the conclusion that it has not jurisdiction to do so. The law requires that after a judge has certified the bill of exceptions, it shall be filed in the office of the clerk of the court where the case was tried, and in ten days from the date of such filing it shall be the duty of the clerk to make out a copy of the bill of exceptions, together with a complete transcript of the duly specified portions of the record in such case. Such transcript together with the original bill of exceptions the clerk shall transmit, with a certificate upon or attached to the bill of exceptions, that the same is the true original bill of exceptions in such case, to the next term of the Supreme Court. A copy of the bill of exceptions shall be retained in the office of the clerk of the court. We think, therefore, that before such a bill of exceptions becomes an office paper of this court, so as to be established here as a lost paper, it must not only affirmatively appear that it was certified by the judge and filed in the office of the clerk of the court below, but further that the clerk certified it as the true original bill of exceptions. Before this is done by the clerk, the bill of exceptions is not ready for transmission to this court. He must not only certify that it is the true original bill of exceptions, but must retain a copy in his office. When all this has been done by him, the bill of exceptions is ready for transmission, and if lost before it arrives here, it is such a paper as can be established by this court, whether lost or destroyed before or after the clerk actually transmits it; as in either event a copy of it should be in the office of the clerk. While it is true that after the judge

has certified it and it is filed in the clerk's office, the *case* by operation of law comes to this court, it is also true that the *papers in the case* do not belong to this court until they are transmitted here or are ready for transmission. They remain office papers in the court below, in the custody of the clerk.

The case of *Wade* v. *Graham*, 59 *Ga.* 642, relied upon by counsel for movant, does not conflict with this ruling. In that case it appears that the bill of exceptions and transcript of the record were lost in their transmission to this court; and Warner, C. J., said that it was the duty of counsel, after they had ascertained that the papers had been lost in transmission, to have at once applied to this court for an order to establish copies thereof from those on file in the clerk's office in the court below; which would furnish the best evidence of the contents of the lost originals. In the case of *McDaniel* v. *Brakefield*, 66 *Ga.* 249, it also appears that the papers had been lost in their transmission to this court. It was there said that copies could be established under such circumstances, if the papers failed to arrive here; but the court expressly declined to rule whether it should be in this court or in the court below. Had it appeared in the present case that the clerk had certified the original bill of exceptions and had retained a copy in his office, we should not have hesitated to grant an order to establish the lost bill of exceptions here, following the ruling in *Wade* v. *Graham*, supra; but inasmuch as this fact does not appear, we think the better practice is to hold that the paper was an office paper of the court below, and not of this court, and that it should be established in that court and not in this.

*Motion denied.    All the Justices concurring.*