## CLARK *v.* THE STATE.

1. When, in making a suggestion of a diminution of the record in a case pending in the Supreme Court, it is alleged that the brief of the evidence which was filed with the motion for a new trial had, without authority, been changed in certain particulars before the transcript of the record was made, and it is not alleged that the copy of the brief of evidence as it appears in the transcript of the record is not a true copy of the approved brief of evidence on file, such suggestion will not be entertained. The office of such a suggestion is to perfect the record in the Supreme Court, so that it may correspond in all particulars with the original on file in the office of the clerk of the trial court.

2. The Supreme Court has no jurisdiction to make inquiry into the fact whether an alteration has or not been made in any of the original papers which constitute the record of a case, when such alterations are alleged to have been made before the filing in the office of the clerk below of. the bill of exceptions duly certified, and consequently before the record for this court has been made up and certified. Under such circumstances, jurisdiction to inquire into the matter is confined to the trial court.

3. The venue of the crime for the commission of which the plaintiff in error was convicted does not appear, from an inspection of the brief of evidence, to have been proved. A new trial is therefore awarded.

Argued May 21, — Decided June 5, 1900.

Indictment for assault with intent to murder. Before Judge Russell. Gwinnett superior court. March 12, 1900.

*Brown & Cooper,* for plaintiff in error.
*C. H. Brand, solicitor-general,* contra.

LITTLE, J. On the call of this case the solicitor-general, under the rules of this court, in writing, suggested a diminution of the record, and set forth the following facts: He agreed to the original brief of evidence prepared in connection with the motion for a new trial, on condition that certain corrections made therein by him should be a part thereof, and delivered the same to counsel for the plaintiff in error. Subsequently the brief was examined by the judge who presided at the trial, while such corrections were a part of the brief. During the week preceding the call of the case in this court, he called at the clerk's office for the purpose of preparing a brief for the argument of the case, and, finding that it was in the possession

of one of the counsel for the plaintiff in error, obtained it, and on reading it discovered that the same had been altered by an erasure of that part of the brief which showed that the venue and character of the weapon used were parts of the evidence before the jury. This alteration was made without the knowledge or consent either of the judge or himself and was without authority. The erasure, it was alleged, was made after the judge had read and examined the brief, but before he had formally approved the same. The brief had been in the custody of one of the counsel for the plaintiff in error before and since the motion for new trial was decided, and before the record was made up. The evidence which was stricken from the brief was material to a fair hearing of the case; and a suggestion of a diminution of the record was made, and the court requested to pass such order as would fully protect the interest of the State. Accompanying this suggestion was a certificate from the clerk, setting out certain evidence which appeared in the brief in the handwriting of the solicitor-general, showing that the cutting (the plaintiff in error was indicted for an assault with intent to murder, and was found guilty of stabbing) was on Saturday before Christmas in 1898, in Gwinnett county, and that the knife was a weapon likely to produce death, etc. The clerk further certified that this portion of the testimony was at some time — he does not know when — stricken from the brief, with pen and ink, by some one, he does not know who. Copies of that part of the evidence which was added by the solicitor-general, and also that part which was thus stricken, were also attached. A certificate of the judge was also attached, to the effect that after the brief of evidence was prepared by movant's counsel, and the same was interlined and corrected by the solicitor-general and agreed to by him with the statement that such correction should be a part of the brief, it was transmitted to him, and that he examined it but made no alteration or erasure, and that the brief then contained a distinct statement that the cutting occurred in Gwinnett county with a knife which was likely to produce death; that the brief was not approved until sometime thereafter, but was approved without re-reading it at the time of the hearing; that if any changes were made in it subsequently to the time when it was

read, it was without his knowledge or consent and unauthorized. The judge then states, as a matter of fact, that it was clearly proved on the trial of the case that the cutting occurred in Gwinnett county, and that the knife was a weapon likely to produce death, and that he would not have approved the brief if he had had any reason to suspect that that portion of it had been erased.

1. After a consideration of the motion submitted by the solicitor-general, we are of the opinion that it can not be granted, for the want of jurisdiction. The brief of the evidence on a motion for new trial, which has been filed and approved, is a part of the record. Civil Code, §5537. By section 5554 of the Civil Code it is made the duty of the clerk of the superior court, in ten days from the filing of the bill of exceptions in his office, to make out a complete transcript of the record, which, with the original bill of exceptions, shall be transmitted to the next term of this court, the transcript bearing a certificate of the clerk that it is a true and complete transcript of the record in the case. These requirements of the statute were complied with in the present case, and, for aught that appears in the allegations made by the solicitor-general, the transcript of the record now in this court contains a complete and correct copy of the original brief of evidence as it is now of file in the clerk's office of the superior court of Gwinnett county. It is the office of a suggestion of a diminution of the record to perfect and complete the transcript (Civil Code, § 5538), but in no event can such a suggestion be the means of bringing to this court any matter not contained in the brief of evidence at the time the transcript was made and certified. If any error has been made by the clerk in such transcript and the same is material, a true copy of the brief or any other part of the record can be brought here as the result of a suggestion of a diminution of the record; but such a motion is wholly unavailing to correct the original brief of evidence. Such correction must be made in the court below, before the transcript has been made and certified. This court never has before it the original record but only a copy, and no change can be made here in the copy which does not appear in the original.

2. It would seem to follow from what has been said that the jurisdiction of this court does not extend to any inquiry into the

fact whether an alteration has been made in any of the papers composing the original record of the case before the transcript was made up and certified. *Minhinnett* v. *State,* 106 *Ga.* 141. Whether such inquiry could be instituted by this court after that had been done it is not now necessary either to discuss or decide. In the case of *High & Co.* v. *Candler,* 103 *Ga.* 86, this court ruled that, "Before a bill of exceptions becomes an office paper of the Supreme Court, so as to be established here as a lost paper, it must affirmatively appear that it was not only certified by the trial judge and filed in the office of the clerk of the court below, but certified as the original bill of exceptions so as to be ready for transmission to this court. Until this is done, it is exclusively an office paper of the trial court, although the case itself be no longer pending there." A distinction must be drawn here between a bill of exceptions and a transcript of the record of a case brought to this court. It is provided by law that the original bill of exceptions, duly certified, shall be transmitted to this court. The effect of such a requirement is to make such bill of exceptions an office paper of this court after it has been duly certified by the judge and by the clerk as the original bill. It is then ready for transmission, and is taken out of the jurisdiction of the trial court; but the original record is not required to be transmitted, and what it contains is determined here from the copy certified by the proper officer to be a true copy. Therefore, in no event does the record which includes the brief of evidence ever become an office paper of this court; and it may, therefore, well be doubted whether this court would have jurisdiction at any stage of the proceedings to inquire whether the original brief of evidence as agreed on had been altered. It certainly would have jurisdiction to inquire whether any change in the transcript of the record had been made after it was duly certified and ready for transmission, because, under the statute, such transcript after transmission would become an office paper of this court. But, to put the matter beyond peradventure, it is not insisted that the original brief of evidence was changed after it had been approved by the presiding judge and ordered filed. Certainly, then, this court can make no inquiry as to when or by whom such alteration was made. The determination of

that fact rests alone with the trial court. In the exercise of the duties imposed upon us, we must take the transcript of the record as it comes, and unless it is made to appear that the transcript is incorrect or defective as compared with the originals copied into it, the questions of fact which are involved must be made to depend upon the copy of the record sent here.

3. The defendant was indicted for the offense of assault with intent to murder by cutting one Lockridge with a knife, and it is alleged that the crime was committed in the county of Gwinnett. The venue as alleged was not proved, as appears from the brief of evidence; and therefore the judgment overruling the motion for new trial must be

*Reversed. All the Justices concurring, except Fish, J., absent.*