### EATON et al. v. BARNES.

1. Under the allegations of the plaintiffs' petition the trust therein attempted to be set up was an express one.
2. "All express trusts must be created or declared in writing."
3. Inasmuch as the petition does not show that the trust can not be established by written evidence, the petition is not demurrable because it fails to allege that the trust was created or declared in writing.

Submitted November 28, — Decided December 21, 1904.

Equitable petition. Before Judge Lewis. Greene superior court. August 26, 1904.

*Westmoreland Brothers* and *F. M. Hughes*, for plaintiff, cited Civil Code, §§ 3155, 3159, and notes.

*Samuel H. Sibley*, for defendant, cited Civil Code, §§ 2725, 3599, 3153, 5166; *Ga. R.* 61/314; 113/18; 88/497; 54/45; 57/601; 62/87; 73/164; 114/692; 111/797; 108/655; 112/532; 119/633; 26 Am. & Eng. Enc. L. (1st ed.) 859.

SIMMONS, C. J. An equitable petition was filed against Barnes by Eaton and others, the plaintiffs being the children and only heirs at law of Wm. G. Eaton. The petition alleged, that Wm. G. Eaton had owned a certain tract of land, and had, on February 15, 1895, conveyed the same to the defendant to secure an indebtedness of $375, which sum he owed the defendant. The conveyance was made by a deed absolute on its face, but "upon the following trusts and conditions: the said Joseph Barnes was to hold the title to said property to secure him in the payment of the said sum of three hundred and seventy-five dollars, without interest. He was authorized to sell the same after the death of said Wm. G. Eaton, and; after deducting from the proceeds of said sale the said three hundred and seventy-five dollars without interest, he was to pay over to the plaintiffs, the children of the said Wm. G. Eaton, the remainder of the proceeds of the sale of said tract of land, giving to each of said children an equal proportion thereof." Wm. G. Eaton died on May 11, 1895, intestate, owing no other debts except that to Barnes; and there has been no administration upon the estate. Barnes had never sold the land, which at the time of the filing of the petition, June, 1904, was of the value of $3,000. The petition further alleged

that Barnes denied that he held the property upon any trust or condition, but claimed the absolute title and was about to sell it for much less than its real value. The petitioners prayed that the deed to Barnes be declared to be a trust deed, that the court appoint a new trustee or a receiver and order him to sell the property, and that the proceeds of the sale, after the payment of costs and after paying to defendant $375 and the amount he had paid for taxes upon the land, be paid to petitioners. To this petition defendant demurred upon several grounds. The court below sustained the demurrer, and the petitioners excepted.

1. The allegations of the petition show that the trust therein set up is express, and not implied. There was a distinct agreement made between the parties as to what should become of the land after the death of the grantor. The agreement did not contemplate any redemption of the land but the land was to be sold. The proceeds of the sale, after the payment of the debt of the grantee, were not to go to the grantor or his estate, but to his children in equal shares. Such a trust is clearly within the definition of an express trust as given in the code. "Express trusts are those created and manifested by agreement of the parties." On the other hand, "Implied trusts are such as are inferred by law from the nature of the transaction, or the conduct of the parties." Civil Code, § 3152. The trust described in the petition was not such an one as would be inferred by law "from the nature of the transaction or the conduct of the parties," but was an express trust.

2. Under the Civil Code, § 3153, "All express trusts must be created or declared in writing."

3. While the trust must have been created or declared in writing, it was not necessary for the pleader to so allege in the petition. *Brown* v. *Drake,* 101 *Ga.* 130; *Walker* v. *Edmundson,* 111 *Ga.* 454; *Taliaferro* v. *Smiley,* 112 *Ga.* 62. From the trend of the argument of counsel here, the trial judge evidently sustained the demurrer upon the ground that the trust was an express one and could not be established by parol. As to whether the petitioners intend to rely solely upon parol evidence, we are not informed. So far as the pleadings disclose, they may have writings which will be competent evidence to make out their case upon this point. They do not have to allege how they expect to

prove their case.    Upon demurrer it must be presumed, where the contrary does not appear, that the proof will be such as is required under the statute of frauds.    The trial judge, therefore, erred in sustaining the demurrer.    Whether the petitioners have any competent evidence with which to establish the alleged trust is a matter which can be tested upon the trial.

*Judgment reversed.    All the Justices concur.*