## BROADWAY NATIONAL BANK *v.* KENDRICK.

ATKINSON, J. 1. When this case was formerly before the Supreme Court (124 *Ga.* 1053, 53 S. E. 576), the judgment dismissing the motion for new trial was reversed, and the case remanded to the superior court, in order that the counsel for the movant might have an opportunity to show, to the satisfaction of the court, that the failure to comply with the terms of its original order with respect to the time of filing the brief of evidence was not due to his laches, if such was the fact, and in order that the court might exercise its discretion in determining whether the motion for new trial should be dismissed or not. On the subsequent hearing, in order that the court's discretion might be exercised in the light of all the attendant circumstances, there was no error in hearing evidence from both sides as to the cause of the delay. See, in this connection, *Lambert Hoisting Engine Co.* v. *Bray,* 127 *Ga.* 452 (56 S. E. 513), and authorities cited.

2. The presiding judge had no authority, in the absence of an order granted in term time setting the case for a hearing in vacation, to deal with and dismiss the motion for new trial in vacation. But where exception was taken to an order thus granted, and the presiding judge required certain record, in addition to that specified by counsel, to be transmitted to this court, including a subsequent order granted in term time, from which it appeared that after the court convened the matter was again taken up and considered, and the judge in open court dismissed the motion for new trial, as matter of discretion, and entered a second order directing such dismissal, it would be useless to grant a reversal of the first order while the second, passed in term time, remained of force and without exception thereto. The latter order constitutes the final valid judgment in the case. Accordingly, direction is given that the first judgment, entered in vacation, be set aside, but that the second judgment, finally dismissing the motion for new trial, be left unaffected hereby.

*Judgment reversed, with direction. All the Justices concur.*

Argued January 15,—Decided March 26, 1908.

Motion for new trial.  Before Judge Hamilton.  Floyd superior court.  January 14, 1907.

*Henry Walker,* for plaintiff.  *M. B. Eubanks,* for defendant.