## BENTLEY *v.* YOUNG *et al.*

1. Where it was alleged that the petitioner negotiated for the purchase of certain property and its appurtenances, but, having no money with which to effect the purchase, accepted the defendant's offer to pay for the property and take to himself a conveyance of it and to hold it for the use of both himself and petitioner, it being understood that subsequently he would execute writings showing the interest of petitioner in the property, and that petitioner was to put in his time and experience in operating it,—the prayers of the petition being for an accounting, injunction, and a decree that a half interest in the property was vested in the petitioner; and it appeared upon the trial that there was no fraud upon the part of the defendant in taking to himself a conveyance of the property, and that the allegation that the petitioner was to have a half interest in it (the defendant holding it for this use and upon this trust) was supported by parol evidence only, the court did not err in granting a nonsuit, inasmuch as such a trust as the plaintiff sought to have established was an express trust, and could not by parol evidence be engrafted upon the conveyance of the property.

2. If the evidence offered and rejected had been admitted, it could not have availed the plaintiff under the pleadings, and under the ruling shown by the preceding headnote.

3. The court did not err in rejecting the offered amendment to the petition, upon the objection that it stated a new cause of action.

No. 124. NOVEMBER 17, 1917.

Equitable petition. Before Judge Pendleton. Fulton superior court. October 31, 1916.

The plaintiff brought his petition against Young and Mrs. Young. The material allegations of the petition are in substance as follows: The plaintiff was negotiating for the purchase of a

machinery plant from one Sterchi upon terms that would make the
purchase profitable and advantageous to petitioner. He did not
have the money with which to effect the contemplated purchase,
but certain named persons, being advised of the terms upon which
he could effect the purchase, indicated to him their willingness to
advance the necessary money. Young, upon learning this, offered
to advance the money and urged that he be permitted to do so.
The plaintiff, having confidence in Young, agreed with him that
he should advance the money and take to himself the deed to the
property in question, but upon the understanding that Young
should hold the property for the use of himself and of petitioner;
"that said plant should be at once put into operation, should be
made a going concern, and your petitioner and the said Young
owning an equal interest in said plant until such time as a petition
for incorporation should be filed in the superior court of Fulton
County, incorporating petitioner and the said Young into a body
corporate, it being agreed at the time that when said petitioner
and the said M. B. Young should, by proper proceedings, cause
themselves to be incorporated, that all the assets as represented in
the bill of sale from Sterchi to Young should, by proper convey-
ance, be transferred to the contemplated corporation at a fair and
reasonable valuation to be agreed upon by your petitioner and the
said M. B. Young, and upon said transfer being made your pe-
titioner and the said M. B. Young should receive shares of stock
in equal proportion in the said corporation, and that under the
title so contemplated to be made to said corporation your petitioner
and the said M. B. Young, as the sole owners of all the stock in
said corporation contemplated to be organized, would engage in
the manufacture and sale of furniture under such terms and con-
ditions as might there and then be agreed upon by said corpora-
tion by and through its stockholders when it would have been
formed and organized." Petitioner, acting upon the terms and
agreements above stated, gave Young the right to enter into the
trade as made by petitioner with the owner of the property, and
the title to the property was put in said Young "under the
trusts and usages as charged in said original petition." When the
title to the plant was put into Young, petitioner and Young went
into possession of the plant and began the operation of the same
in conformity with the terms of the agreement between them, and

remained in joint possession up to a named date, upon which date Young notified petitioner that he would not consider petitioner as owning any interest in the plant. It is charged that Young caused his wife, P. L. Young, and his son, R. G. Young, in conjunction with petitioner, to apply to the superior court of Fulton County for a charter, asking leave, in behalf of the petitioners named, to be incorporated for the purpose of manufacturing furniture; and when petitioner learned that the petition for incorporation was being advertised as required by law, he called upon M. B. Young, and asked him to let your petitioner know just what his status would be in the new corporation, and was then informed by Young that the latter did not consider that petitioner had any interest in the property purchased in the name of M. B. Young, and that he would have no voice in the corporation. Young is attempting to dispose of an interest in the property. The prayer is, for an accounting, for an injunction and a receiver, and for a decree vesting petitioner with a half undivided interest in the property. The court upon the trial granted a nonsuit, and the plaintiff excepted.

*Ernest G. Bentley* and *R. B. Blackburn,* for plaintiff.

*James L. Key* and *R. P. Jones,* for defendants.

BECK, P. J. (After stating the facts.)

1. Upon the trial of the case the evidence of the plaintiff tended to sustain the allegations that the plant for the manufacture of furniture was to be purchased, that title was to be taken in the name of Young, and that the plaintiff was to have a half interest in the property, which was to be conveyed to him subsequently to the purchase by Young. The evidence tending to show that there was an understanding that the plaintiff was to have the alleged interest in the property was all in parol, which fact did not appear from the petition. The testimony of the plaintiff himself in the record is quite lengthy and in parts confused; but considering it altogether, together with the allegations in his petition, it is clear that he is seeking by parol to engraft an express trust upon the conveyance of the property involved in the controversy to M. B. Young. This can not be done. All express trusts must be created or declared in writing. Civil Code, § 3733. There is no allegation that the conveyance to M. B. Young was in fraud of the plaintiff, for it was understood that the title was to be put in M. B.

Young, and it is distinctly. alleged. that the title so taken in the name of M. B. Young should be held by him for the use of himself and petitioner. And it is further declared in an amendment to the petition, that "the title to said property . . was put into said M. B. Young under the trusts and usages as charged in the original petition." These allegations · show an express trust, as the trust here alleged was one "created and manifested by agreement of the parties." There was no implied trust arising from the payment for the property with the funds of the plaintiff and the consequent taking of the title in M. B. Young, but the property was paid for with Young's money and the deed taken in his name, as the parties agreed that it should be done. An express trust can not be engrafted on the conveyance of the property by parol. *Jones* v. *Jones,* 138 *Ga.* 730 (75 S. E. 1129) ; *Malone* v. *Malone,* 137 *Ga.* 429 (73 S. E. 660). Speaking of the statute requiring trusts to be in writing, it has been said by this court that "the statute is imperative. . . Equity will only interfere when the setting up of the statute would be to protect a fraud or prevent relief against an accident." *Printup* v. *Barrett,* 46 *Ga.* 407.

2. If the evidence upon the rejection of which error is assigned had been admitted, the status of the case would not have been changed.

3. The court properly refused to allow the amendment to the petition, offered pending the trial, upon which ruling error is assigned. A large part of the amendment was a restatement in substance, though varied in form, of the contentions made in the pleadings as they stood; and in so far as this amendment alleged a completed contract made between the vendor of the property and the plaintiff and an understanding that "so soon as he [the defendant] will have completed the purchase and made the final payment upon the property, that he [the defendant] would cause proper papers to be drawn showing the joint interest of your petitioner with him, the said M. B. Young, in said plant, to wit, that of an equal owner in said plant and all of its property rights," it sets up a new cause of action; for we construe it as meaning that the sale and purchase of the property had been agreed upon by him and the vendor, and that the papers then executed between the vendor and Young merely show upon what terms, as to payment, etc., the property was sold, and that upon final payment

writings would be executed which should vest the title, when it passed from the vendor, in both Young and petitioner. But if the language of that part of the amendment now under consideration, which is vague and indefinite, meant that the title to the property was taken in the name of M. B. Young in accordance with the understanding of all the parties, and that there was an oral understanding that subsequently Young should execute papers showing that plaintiff had a half interest in the property, then the amendment should have been stricken upon the ground that it sought to engraft an express trust upon the conveyance to Young.

*Judgment affirmed. All the Justices concur, except Fish, G. J., absent.*