### 9970. WEAVER *v.* PRIDGEN & HOLMAN

Under the facts in this case the trial judge erred in dismissing the motion
for a new trial.

Decided April 16, 1919.

Motion for new trial; from city court of Morgan—Judge Miller.
June 22, 1918.

*E. L. Smith,* for plaintiff. *Glessner & Collins,* for defendants.

JENKINS, J. During the December adjourned term, 1917, of
the city court of Morgan, this case was tried and a verdict was
rendered in favor of the defendants. Prior to the adjournment
of the term and within the time allowed by law the plain-
tiff presented his motion for a new trial; and on June 17,
1918, the time set for a hearing of the motion, the trial judge

passed an order setting it for hearing on June 22, 1918, at six o'clock p. m., and in the order allowed the movant until that time to prepare and present for approval a brief of the evidence in the case. At the hour of ten o'clock a. m., on June 22, 1918, by reason of a misapprehension of the order and in the absence of the movant's counsel, the trial judge, on motion, passed an order dismissing the motion for a new trial, on the ground that the brief of evidence had not been prepared and presented for his approval. To this order the plaintiff excepted in a bill of exceptions certified by the trial judge on July 10, 1918. A motion to dismiss the bill of exceptions is made by the defendants in error, in which motion it is stated, under the oath of their counsel, that on October 14, 1918, during the September adjourned term of the city court, defendants filed a written motion to dismiss the plaintiff's motion for a new trial, on the ground that the brief of evidence as required by the order dated June 17, 1918, was not prepared and presented for approval by six o'clock p. m., on June 22, 1918, nor at any subsequent time, and that upon that motion and during the said term the trial judge passed a second order dismissing the motion for a new trial; and it is contended that in view of the said final judgment rendered after the void judgment excepted to by the plaintiff, the bill of exceptions presents merely a moot question, and could not have been prosecuted in good faith, since it was adjudicated in the second order of dismissal that the brief of evidence was not presented for approval at the time prescribed by the order of June 17, 1918.

1. The first order dismissing the motion for a new trial, on the ground that the brief of evidence had not then been presented for approval, was erroneous, it appearing that the motion was inadvertently taken up and disposed of at a time prior to that specified by the order fixing the time and place of hearing and the time when the brief of evidence should be presented.

2. When the bill of exceptions to the first order dismissing the motion for a new trial had been certified by the trial judge and filed in the office of the clerk of the city court, that court, pending a determination thereon by this court, lost its jurisdiction to take any further action upon the motion (*Howard* v. *Lowell Machine Co.*, 75 *Ga.* 325 (1a); *High* v. *Candler*, 103 *Ga.* 86, 88, 28 S. E. 377); and the fact that the brief of evidence was not

presented for approval after the time when the motion was erroneously dismissed and prior to the time set for its presentation under the judge's order would not militate against the rights of the plaintiff. The motion to dismiss the bill of exceptions is therefore without merit. Had the second order been taken at a time when the court below still retained jurisdiction over the motion, and had it been based on discretionary grounds, a different rule might obtain. See *Broadway National Bank* v. *Kendrick,* 130 *Ga.* 382 (60 S. E. 998).

3. Under the facts as certified to by the trial judge, the court below having been without jurisdiction to dismiss the motion for a new trial under its original order, and it appearing that the subsequent order dismissing the motion in term time was void for want of jurisdiction, the motion for a new trial is still pending in the courts below, to be completed and determined in term time, under the statute. Civil Code (1910), § 6090; *Phœnix Bank* v. *Shirling,* 146 *Ga.* 163 (91 S. E. 23).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*