BEECHER *et al.* v. CARTER, administrator, *et al.*

No. 13024.   OCTOBER 11, 1939.   REHEARING DENIED NOVEMBER 17, 1939.

*M. E. Wood* and *Blalock & Blalock,* for plaintiffs. ·

*J. B. Moore* and *Highsmith & Highsmith,* for defendant.

DUCKWORTH, Justice. ■ A preliminary question regarding the transcribed record, which affects the other questions presented, will first be decided. There are in the record two certificates by the clerk of the trial court. The record certified is materially different in the two certificates. This involves two questions, to wit: (1) Did the trial court have the right to correct the record which had been altered? (2) Could that court require its clerk to certify the corrected record after a certified copy of the record had been transmitted to this court? The first question must be answered in the affirmative. The record involved remains permanently of file in that court; only copies of same can be sent to this court on appeal. It is therefore an office paper of the trial court. *Clark* v. *State,* 110 *Ga.* 911 (36 S. E. 297). *In Ellis* v. *Clarke,* 173 *Ga.* 618 (2) (160 S. E. 780), it was declared: "The superior court is vested with inherent power to correct errors and mistakes in its records. The judge of the city court of Atlanta did not err in admitting in evidence the certified copy of the amended minutes of the superior court." And in *Grand Chapter Eastern Star* v. *Wolfe,* 175 *Ga.* 867 (4) (166 S. E. 755), this court said: "The superior court is invested with inherent power to correct errors and mistakes in its records." See also Code, § 24-104 (6). A court whose sole purpose is to deal fairly and do justice to all parties can accomplish this purpose only by acting upon true and correct records; and where errors or mistakes are found in its records, whether they be honest mistakes or deliberate alterations, the court in the exercise of its inherent power can and should correct all such records. The second question likewise must be answered affirmatively. The trial court has the power to require its clerk to comply with its orders. In approving the bill of exceptions the judge ordered the clerk to certify and transmit to this court copies of the pleadings which included paragraph 15 of the petition. When it was brought to the court's attention by the defendants' petition that the clerk had not complied with this order, and, after notice to the opposite parties and a hearing, the

judge found that the clerk, instead of sending a copy of the true petition, had certified to this court a copy of an untrue and altered petition, and directed him to certify and transmit a copy of what the court found to be the true and correct petition, compliance with this order was necessary in order for the clerk to render obedience to the first order of the court. What is said here in no wise conflicts with the rule that when the judge signs a bill of exceptions he divests himself of all jurisdiction in that case. *Perry* v. *Central Railroad,* 74 *Ga.* 411 (3); *Walker* v. *State,* 153 *Ga.* 212 (111 S. E. 657). He never loses jurisdiction of the office papers and the officers of that court. He did not go beyond that jurisdiction in the present case in correcting the office papers of his court and requiring obedience to his order approving the bill of exceptions on the part of the clerk of his court. This court held in *Clark* v. *State,* supra, that the supreme court could do nothing to correct an alteration in the original record which was made before copies of same were certified to this court, but said: "The determination of that fact rests alone with the trial court." Hence, if this court can not correct such altered record, are we to allow the trial court to correct it? Or are we to stand impotent before such altered record, and go through the pretense of reviewing a judgment of the lower court on a record which that court says is untrue and on which it has rendered no judgment? By such procedure no error would be corrected, and a known error would be allowed to stand. Such a rule would license the unscrupulous so to alter records of the trial court that justice would be impossible, and the courts would thereby unwittingly become the instrumentalities through which justice is denied and dishonesty rewarded. The corrected record as certified in the second certificate of the clerk is accepted by this court as the record in the case.

The first two paragraphs of the offered amendment contained allegations that were in direct conflict with allegations in the original petition, and as to these paragraphs the judgment disallowing the amendment was not erroneous. *Girvin* v. *Georgia Veneer & Package Co.,* 143 *Ga.* 762 (5) (85 S. E. 922); *Cooper* v. *Oglethorpe Savings & Trust Co.,* 147 *Ga.* 570 (4) (94 S. E. 1006); *Jones* v. *Robinson,* 172 *Ga.* 746 (3) (158 S. E. 752). By the third paragraph it was sought to amend the prayer by adding the further prayer that the deeds therein referred to be reformed by

engrafting thereon the alleged verbal trust agreements. An express trust can not be engrafted on a deed by parol. *Wilder* v. *Wilder,* 138 *Ga.* 573 (2) (75 S. E. 654); *DeLoach* v. *Jefferson,* 142 *Ga.* 436 (83 S. E. 122); *Roach* v. *Roach,* 143 *Ga.* 486 (85 S. E. 703); *Bentley* v. *Young,* 147 *Ga.* 373 (94 S. E. 221); *Durrett* v. *Mc-Whorter,* 161 *Ga.* 179 (129 S. E. 870); *Parlin* v. *McClure,* 169 *Ga.* 576 (150 S. E. 835); *Shaprio* v. *Steinberg,* 175 *Ga.* 869 (166 S. E. 767). The amendment was properly disallowed.

■ Did the petition allege a cause of action against Eason? There are no allegations showing that Eason knew of the claims of petitioners, or had notice of any facts or circumstances that if investigated would have led to knowledge of such claims. The petition shows that this defendant paid for each of the tracts of land and received deeds thereto. In this situation this defendant was an innocent purchaser for value and without notice. As such he is protected by law. Code, § 37-111. Cf. *Webster* v. *Black,* 142 *Ga.* 806 (3) (83 S. E. 941); *Wood* v. *Bowden,* 182 *Ga.* 329 (185 S. E. 516). As to one of the tracts of land involved, the allegations show that the purchase was made by this defendant at an administrator's sale without any irregularity and pursuant to an order of the court of ordinary authorizing the same; and the petition further shows that this tract of land belonged to Gilbert Bell, and that petitioners had no interest therein. Such allegations failed to state a cause of action against this defendant, and the action was properly dismissed as to him.

■ The question whether the petition alleged a cause of action against E. P. Carter individually is determined by whether or not the deeds from V. A. Carter to E. P. Carter were trust deeds imposing a duty upon E. P. Carter to convey, at the death of V. A. Carter, all the lands therein to the petitioners and their sister. The petition alleges that each of these conveyances was made upon the express agreement and understanding that the grantee should hold the property in trust for the three daughters of the grantor, and at his death convey the same to said daughters. An express trust is therefore alleged; and the petition can not be construed as alleging an implied trust as contended by plaintiffs in their brief. Code, § 108-104; *Eaton* v. *Barnes,* 121 *Ga.* 548 (49 S. E. 593). The case of *Jansen* v. *Jansen,* 180 *Ga.* 318 (178 S. E. 654), is clearly distinguished on its facts from the case above cited. All

■

express trusts are required to be in writing. Code, § 108-105. The petition need not allege that the trust was in writing, and is not subject to demurrer because failing to make such allegation. *Eaton* v. *Barnes,* supra. In the *Eaton* case, the petitioners alleged that their father conveyed to the defendant by deed absolute on its face the lands involved with the express understanding that at the death of the grantor the defendant would sell the lands, retain $375 of the proceeds, and divide the balance equally among petitioners. A reading of the opinion clearly discloses that the ruling of this court that the petition was not subject to demurrer was based upon the idea that it was not subject to demurrer on the ground that it failed to allege that the trust agreement was in writing. It was said: "From the trend of the argument of counsel here, the trial judge evidently sustained the demurrer upon the ground that the trust was an express one and could not be established by parol. As to whether the petitioners intend to rely solely upon parol evidence, we are not informed. So far as the pleadings disclose, they may have writings which will be competent evidence to make out their case upon this point. They do not have to allege how they expect to prove their case. Upon demurrer it must be presumed, where the contrary does not appear, that the proof will be such as is required under the statute of frauds. The trial judge, therefore, erred in sustaining the demurrer." We have quoted from that opinion to demonstrate that there was no ruling to the effect that the petitioners should not by demurrer be required to include in the petition or attach thereto a copy of the alleged trust agreement upon which they sought to recover. While the record in this court reveals that the point was raised by a demurrer, yet, in view of the fact that this court made no ruling thereon, it must be presumed that it was abandoned by the plaintiffs or otherwise withdrawn from consideration of this court. As early as *Howard Mfg. Co.* v. *Water Lot Co.,* 53 *Ga.* 689, 694 (3), this court, in ruling on this same question, said: "The special demurrer to the complainant's bill, because it did not set forth the agreement referred to therein, for blasting out opposite lots eleven and twelve, for which the complainant claims damages, should have been sustained. The agreement should have been set forth or attached to the bill as an exhibit, so as to enable the court to judge of the legal effect thereof as to the defend-

ant's liability thereon to the complainant, as claimed by it." While in *Lyons* v. *Planters' Loan & Savings Bank,* 86 *Ga.* 485 (6) (12 S. E. 882, 12 L. R. A. 155), it was declared that this rule might have been altered by the uniformity of pleading act of 1887, still no ruling to that effect was made; and although this court there held that certain records need not be attached, it stated: "It may be that under the new act, there ought to be some degree of conformity to the rule in pleading all material records and documents referred to in the petition. But where a case has had a right result in the court below on the merits, we do not feel called upon to reverse the judgment simply because that court may have been too liberal to one of the parties, in dispensing with the formality of annexing exhibits to the pleadings." Thus it is seen that nothing ruled in that case changed the rule. Our present Code, § 81-105, declares that "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." The language of the statute does not permit of a construction that in some cases in which the writing constitutes the cause of action, or the relief prayed for must be based thereon, copies must be incorporated in or attached to the petition; for it uses the words "in all cases." Therefore, if the present case involves a writing that constitutes the cause of action, or the relief prayed for must be based thereon, the rule applies, and it was proper to sustain the demurrer on the ground that the agreement was not incorporated in or attached to the petition. There is no question that petitioners' whole cause of action and the sole basis upon which they sought relief was the alleged trust agreement. It follows that the demurrer should have been sustained, and the paragraphs alleging the agreements stricken; and when this was done, the petition alleging no cause of action against this defendant was properly dismissed on general demurrer.

The allegations against E. P. Carter as administrator included one that his bond was inadequate. There is a clear legal remedy for this complaint, by application to the court of ordinary as provided by the Code, § 113-1229. It is alleged that he has filed no inventory and had no appraisal made, as required by law;

and these matters too can be presented to the court of ordinary and adequate relief there obtained. Code, §§ 113-1229, 113-1408. It is alleged that this defendant is mismanaging the estate and is removing and disposing of the personal property belonging to the estate; and upon these grounds petitioners seek to have him removed by a court of equity. None of these allegations constitutes ground for equitable relief, and petitioners have an adequate remedy in the court of ordinary. While equity has concurrent jurisdiction with the court of ordinary on administration of estates (Code, § 113-2203), this does not mean that courts of equity will interfere with the regular administration of estates by assuming jurisdiction of matters that the court of ordinary has adequate authority to handle. Code, § 37-403; *Gaines* v. *Gaines,* 171 *Ga.* 169 (154 S. E. 883); *Darby* v. *Green,* 174 *Ga.* 146 (3) (162 S. E. 493); *Caswell* v. *Caswell,* 177 *Ga.* 153 (169 S. E. 748); *Brooks* v. *Brooks,* 184 *Ga.* 872 (193 S. E. 893). The petition alleged no cause of action against this defendant, and was properly dismissed on demurrer. *Judgment affirmed. All the Justices concur.*