26303. BECKWITH et al. v. PETERSON et al.

SUBMITTED FEBRUARY 8, 1971—DECIDED MARCH 18, 1971.

*Richard H. Baker, G. Harold Posey,* for appellants.

*Dan S. Beeland, Young, Dicus & Ford, William R. Ford, Jr., Gordon J. Young,* for appellees.

MOBLEY, Presiding Justice. This is an appeal from the grant of a motion to dismiss the complaint of Jerry Beckwith and his wife, Dorothy H. Beckwith, against Doris Peterson and Noah H. Peterson, on the ground that it failed to state a claim against defendants upon which relief could be granted.

The action sought to have a trust established as to a portion of the proceeds of insurance policies left by Earl Beckwith, in which defendant, Doris Peterson, was named as beneficiary, and to have a security deed and warranty deed executed by plaintiffs to defendants canceled.

The complaint alleged that Earl Beckwith, the deceased, left insurance policies of some $64,000, naming Doris Peterson, his half sister, as beneficiary; that plaintiff Jerry Beckwith was a twin brother of Earl Beckwith; that Earl gave Doris oral instructions that she give $20,000 of the money to their mother, and that she divide the balance between herself and Jerry; that Doris bought him a home, putting title in him and his wife, but took a note and security deed against the place without his knowledge, he signing the papers without knowing that was what he was doing. It was alleged further that he, his twin brother Earl, and Doris had always been especially close to each other; that he had

great confidence in Doris, trusted her and relied on her to do as she promised; that he was unlettered, having always worked in a cotton mill, and knew nothing about buying a house, and he signed the papers she presented to him, prepared by her lawyer; that Doris and her husband tricked and deceived defendants into signing the warranty deed; that both the security deed and the warranty deed were procured from them by fraud and deceit on plaintiffs' part; that the instructions to Doris by Earl Beckwith were plain, clear, and definite as regards the proceeds of the policies; and that she violated the trust imposed in her by her deceased brother, and did, by trick and device, cause plaintiffs to execute the security deed.

■ We first consider the claim for cancellation of the note, deed to secure debt, and warranty deed given by plaintiffs to defendants. Plaintiffs' contention is that defendants perpetrated a fraud on them by getting them to sign a note and deed to secure debt on the house bought by defendants for them, and some four years later to sign a warranty deed conveying the house to defendants. They contend that they signed the deed to secure debt and warranty deed without reading them.

The warranty deed conveyed fee simple title to defendants, and the failure of plaintiffs to read the deed will not affect the conveyance of title, for he "who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as to prevent him from reading." *Lewis v. Foy,* 189 Ga. 596, 598 (6 SE2d 788); *Livingston v. Barnett,* 193 Ga. 640 (4) (19 SE2d 385); *West v. Carolina Housing &c. Corp.,* 211 Ga. 789 (89 SE2d 188); *Budget Charge Accounts v. Peters,* 213 Ga. 17 (3) (96 SE2d 887); *Adams v. Perry,* 213 Ga. 479 (2) (99 SE2d 881); *Martin v. Alford,* 214 Ga. 4, 7 (102 SE2d 598).

Plaintiff Jerry Beckwith does not make any contention that he was unable to read the deeds. His complaint alleges that, "Doris Peterson had helped him through school." This is an admission on his part that he could read. He shows no legal excuse for not reading the deed to secure debt and the warranty deed, nor does he show any fraud practiced upon him causing him not to read them. The circumstances constituting fraud must be stated with particularity. Ga. L. 1966, pp. 609, 620 (*Code Ann.* § 81A-109).

There is no merit in the contention that the deed to secure debt and warranty deed should be canceled.

■ The next question is whether an express or implied trust was created in favor of plaintiff Jerry Beckwith as to the personal property, the money left after purchase of the house for him. As to this the complaint alleged that the deceased, Earl Beckwith, reposed great trust and confidence in his sister Doris, that in naming her beneficiary of his insurance he gave her specific instructions with regard to what she must do with the money, directing her to give $20,000 of it to his mother, and to divide the balance between herself and Jerry Beckwith, and that this constituted her trustee of the proceeds of the policy subject to the instructions of the deceased.

"Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." *Code* § 108-104. "All express trusts shall be created or declared in writing." *Code* § 108-105.

This court in *Jones v. Jones,* 196 Ga. 492, 495 (26 SE2d 602), held that the petition in that case alleging that "his father had worked out a plan of division of his property among his children," and in accordance with this plan "it was agreed and understood by and between petitioner, . . . his sister, . . . and his father, . . . that his father was conveying this property to his sister to hold the title to same until . . . called on . . . to make a conveyance . . . to petitioner," did not authorize an inference of an implied trust, citing *Wood v. Rice,* 143 Ga. 647 (85 SE 838); *Stonecypher v. Coleman,* 161 Ga. 403 (131 SE 75); *Romano v. Finley,* 172 Ga. 366 (157 SE 669). "An implied trust is necessarily based upon an implied contract—implied either in fact or in law." *Guffin v. Kelly,* 191 Ga. 880, 887 (14 SE2d 50). The allegations of the complaint in the present case do not show an implied trust.

Construing the allegations of the complaint most favorably to plaintiffs, there was an agreement between the deceased and his sister as to the proceeds of his insurance policies in which she was named as beneficiary. No fraud is shown by Doris Peterson in procuring her brother to name her as beneficiary.

In *Loyd v. Loyd,* 203 Ga. 775, 782 (48 SE2d 365), it was said: "Courts take long risks of doing an injustice when by judgment they allow mere verbal statements to nullify written documents, by substituting the unwritten for the written contract." Since the express trust alleged by plaintiffs was not in writing, it could not be engrafted on the contracts of insurance in which Doris Peterson was named as beneficiary. Compare: *Cassels v. Finn,* 122 Ga. 33 (49 SE 749, 68 LRA 80, 106 ASR 91, 2 AC 554); *Bentley v. Young,* 147 Ga. 373 (1) (94 SE 221); *Alston v. McGonigal,* 179 Ga. 617 (2) (176 SE 632); *Pope v. Cole,* 223 Ga. 448 (156 SE2d 36).

■ The motion to dismiss for failure to state a claim upon which relief could be granted was properly granted, as the averments of the complaint show with certainty that plaintiffs would not be entitled to relief under any statement of facts which could be proved in support of their claim. *Fender v. Fender,* 226 Ga. 129 (4) (173 SE2d 211); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260).

*Judgment affirmed. All the Justices concur.*